OPINION
{¶ 1} Defendant-appellant, Eugene Sneed, appeals his sentence imposed by the Butler County Court of Common Pleas for a probation and community control violation.
 {¶ 2} Appellant was convicted of two counts of felony nonsupport of dependents. Appellant was sentenced to one and one-half years on the first count. That sentence was suspended and appellantwas placed on probation. Appellant was sentenced to community control sanctions for the second count.[1]
 {¶ 3} Appellant was told at the initial sentencing hearing that if he violated community control and probation, he would be incarcerated for one and one-half years for the first count and could receive up to 18 months on the second count, which could run consecutive to the first count.
 {¶ 4} Appellant violated probation and community control in 2001, 2003, and 2004. Appellant was restored to probation and community control for the first two violations. At the 2003 violation hearing, the trial court informed appellant that a further violation would result in a prison term of 17 months in prison on each of the two counts, to be served consecutively.
 {¶ 5} Appellant admitted to a subsequent violation in 2004. Appellant was sentenced to 12 months in prison for the first count and 17 months for the second count, with the prison term for the second count to be served consecutively to the term of the first count.[2]
 {¶ 6} Appellant provides several sub-arguments on appeal, but asserts under his sole assignment of error that the trial court erred in imposing consecutive prison sentences.
 {¶ 7} Under the authority of State v. Fraley, 105 Ohio St.3d 13,2004-Ohio-7110, we reject appellant's argument that he could not be sentenced to prison on the violation because he was not informed of a specific prison sentence for violations at the original sentencing hearing, or at his earlier violation hearing.
 {¶ 8} According to the Fraley court, "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." Id. at ¶ 17.
 {¶ 9} Therefore, where there have been multiple community control violations, a prison sentence is available as a sentencing option for a community control violator if the trial court informed the offender at the previous sentencing hearing of the specific prison term to be imposed should he again violate his community control sanctions. Id. at ¶ 17-18.
 {¶ 10} We also reject appellant's argument that the trial court was required to make the requisite statutory findings to impose consecutive sentences at the initial sentencing hearing. While appellant was told by the trial court at the initial plea and at the initial sentencing hearing that a consecutive sentence was possible, consecutive sentences were not imposed until the last violation hearing. The sentencing statutes under R.C. Chapter 2929 indicate that findings and reasons, if applicable, must be given when the sentence is imposed [emphasis added]. See R.C. 2929.14; R.C. 2929.19.
 {¶ 11} The Supreme Court has stated that the dominant purpose for sentencing procedures is to increase certainty and predictability of sentencing and to inform defendants of the term that awaits violation.State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, at ¶ 25. TheBrooks court also indicated that R.C. 2929.15(B), the statutory section covering sentencing for control violations, requires a trial court to consider both the seriousness of the original offense leading to community control sanctions and the gravity of the community control violation. Id. at ¶ 20.
 {¶ 12} Therefore, it logically follows that once appellant was properly notified of the specific term to be imposed should he violate community control, the trial court would make the statutorily required findings and reasons therefore to impose consecutive sentences when the consecutive prison sentence was imposed. See, e.g., R.C. 2929.19(B)(2); R.C. 2929.14(E)(4). Under the facts of this case, the last sentencing hearing in the record was the one in which the consecutive sentences were imposed.
 {¶ 13} However, we must sustain appellant's assignment of error on the basis of State v. Comer, 99 Ohio St. 3d 463, 2003-Ohio-4165. After reviewing the record in this case, we find that the trial court failed at the last sentencing hearing to articulate the reasons supporting the requisite findings to impose consecutive sentences.[3] Id., paragraph one of syllabus; R.C. 2929.14(E)(4); R.C. 2929.19(B)(2).[4]
 {¶ 14} Accordingly, we reverse appellant's sentence and remand to the trial court for resentencing.
Powell, P.J., and Walsh, J., concur.
[1] The first count upon which appellant was convicted involved a time frame before the effective date of the 1995 Criminal Sentencing Act, 146 Ohio Laws, Part IV, 7136, hereinafter referred to as "Senate Bill 2." The second count, count three of the indictment, covered time after the effective date of Senate Bill 2.
[2] Appellant was initially sentenced at the sentencing hearing to two 17-month sentences to be served consecutively, but the trial court issued a "modified" entry imposing a consecutive sentence of 12 months and 17 months, respectively.
[3] We also note that all of the findings the trial court made at the sentencing hearing were not incorporated into the sentencing entry.
[4] We note that the trial court ordered that the prison sentence for the post-Senate Bill 2 count be run consecutive to the sentence imposed for the pre-Senate Bill 2 count and attempted to comply with post-Senate Bill 2 requirements for imposing consecutive sentences. Cf. State v.Martin, Lake App. No 2002-L-110, 2004-Ohio-518, at ¶ 20-21. Therefore, we reject appellant's argument that the second count could not be made consecutive to the pre-Senate Bill 2 count.