OPINION
{¶ 1} Defendant-appellant Arthur Novel appeals the January 21, 2005 Order Overruling Vacation of Sentence entered by the Richland County Court of Common Pleas, which denied appellant's Motion to Vacate and Set Aside Sentence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On June 30, 1998, appellant pled guilty to two counts of sexual battery, in violation of R.C. 2907.03(A)(5). The trial court accepted appellant's plea, ordered a presentence investigation, and scheduled a sentencing hearing for August 24, 1998.
 {¶ 3} At the sentencing hearing, the trial court ordered appellant to serve 5 years of community control with conditions, including appellant's being accepted into and completing Volunteers of America's Halfway House Program for sex offenders, an 18 month treatment program. The trial court informed appellant a violation of his community control could lead to a prison term of up to five years. The trial court journalized the sentence via Sentencing Entry filed September 1, 1998. The Sentencing Entry likewise stated a violation of community control could result in a prison term of up to 5 years. Appellant was released from the VOA program on March 15, 1999, due to noncompliance. On March 24, 1999, the trial court sentenced appellant to a term of imprisonment of 4 years. Appellant completed his prison term on February 16, 2003.[2]
 {¶ 4} On January 3, 2005, appellant filed a Motion to Vacate and Set Aside Sentence, based upon State v. Brooks, 103 Ohio St. 3d 134,2004-OHIO-4746, in which the Ohio Supreme Court held a trial court must notify a defendant of the specific prison term it may impose for a violation of community control sanctions at the sentencing hearing.
 {¶ 5} Via Order Overruling Vacation of Sentence filed January 21, 2005, the trial court found appellant's argument was moot as he already served his sentence, and found Brooks did not apply retroactively to appellant's conviction because such became final before Brooks was decided, citing State ex. rel. Maxwell v. Spicer, 104 Ohio St.3d 344,2004-Ohio-6594.
 {¶ 6} It is from this Order appellant appeals, raising as error:
 {¶ 7} "I. The trial committed reversible error when the court failed to notify the defendant at sentencing hearing of community controal [sic] sanction, on three different related occasions, of the specific prison term that may be imposed for a violation the sanction as required under R.C. 2929.19(b)(5) and 2929.15(b) which failure renders the sentencing orders void as a matter of law and mandates the court immediately impose new valid sentences, other than imprisonment, in conformity with ohio."
 {¶ 8} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 {¶ 9} "(E) Determination and judgment on appeal.
 {¶ 10} "The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 {¶ 11} "The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 12} This appeal shall be considered in accordance with the aforementioned rule.
 I {¶ 13} In his sole assignment of error, appellant maintains the trial court erred in failing to notify him, at his sentencing hearing, of the specific prison term it would impose if appellant violated his community control sanctions, in contravention of State v. Brooks,103 Ohio St. 3d 134, 2004-Ohio-4746.
 {¶ 14} In Brooks, the Ohio Supreme Court held a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. Id. at para. 29. The issue came before the Ohio Supreme Court upon certification of a conflict. The Brooks Court considered the certified question although appellant Brooks had already served his term of imprisonment for violating his community control sanction because the situation was capable of repetition yet evading review, and the case raised an issue of public importance and general interest. Id. at para. 5. The Court specifically stated the certified issue was moot as to appellant Brooks. Id.
 {¶ 15} Herein, appellant has served his term of imprisonment for violating his community control. Accordingly, pursuant to Brooks, the issue is moot as to appellant. Additionally, because this appeal from the denial of appellant's January 3, 2005 Motion to Vacate or Set Aside Sentence is nothing more than a collateral attack on the trial court's September 1, 1998 Sentencing Entry and/or March 24, 1999 Sentencing Entry, it is barred by the doctrine of res judicata. Furthermore, appellant is not entitled to the retroactive application of Brooks to his conviction and sentence, which had become final before Brooks was decided. See, Ali v. State, 104 Ohio St.3d 328, 2004-Ohio-6592 at ¶ 6
("A new judicial ruling may be applied only to cases that are pending on the announcement date."); State ex rel. Maxwell v. Spicer104 Ohio St.3d 344, 2004-Ohio-6594.
 {¶ 16} Appellant's sole assignment of error is overruled.
 {¶ 17} The Judgment of Richland County Court of Common Pleas is affirmed.
Hoffman, P.J. Wise, J. and Edwards, J. concur
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the Judgment of Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] A statement of the facts underlying appellant's convictions is not necessary to our disposition of this appeal.
[2] Sometime in 2003, appellant was convicted of Failure of Sexually Oriented Offender to Register Change of Address, in violation of R.C.2950.05(E)(2), Richland County Case No 2003-CR-777D. The trial court placed appellant on community control for a period of 4 years, and advised appellant he could be sentenced to a term of imprisonment of up to five years if he violated his community control. On August 11, 2004, the trial court sentenced appellant to a prison term of two years for violating the conditions of his community control. In his Brief to this Court, appellant also argues the prison sentence for Case No. 2003-CR-777D is void. However, because his Notice of Appeal only refers to Case No. 98-CR-389D, we shall not address any arguments involving the sentence in Case No. 2003-CR-777D.