JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Maryann Yost ("Yost"), appeals the trial court's imposition of maximum consecutive sentences for drug possession after it determined that she violated the conditions of community control. Finding no merit to the appeal, we affirm.
 {¶ 2} In Case No. CR-430927, Yost pled guilty to drug possession and was sentenced to two years of community control in March 2003. As part of her community control sanctions, the trial court imposed numerous conditions, including regular drug testing, inpatient treatment for drug abuse, attendance at narcotics anonymous meetings, 100 hours of community service, completion of a GED program, obtaining full-time employment, and intensive supervision by the probation department. The trial court further placed Yost on electronic home detention until the start of her inpatient treatment.
 {¶ 3} While on community control, Yost was charged with drug possession in Case No. CR-438615. In September 2003, she pled guilty and the court sentenced her to two years of community control, imposing harsher conditions than those ordered in CR-430927. The court increased the number of meetings for Yost to attend, increased the number of community service hours per month, and ordered her to remain in custody until a placement became available for inpatient treatment.
 {¶ 4} In February 2004, the trial court determined that Yost violated the terms of her community control sanctions by failing to report to the probation department and failing to complete her drug treatment. The court extended the period of the originally imposed community control until September 25, 2006 in both cases, granting Yost's request for further drug treatment. The court ordered her to complete six months of inpatient drug treatment at Oriana House and to remain in custody until a placement was available. The court further informed her that a subsequent violation of her community control would result in the court's imposing the maximum 12-month prison sentence on each count, to run consecutively.
 {¶ 5} In August 2004, the court held another community control violation and sentencing hearing. At the hearing, Yost admitted that she violated the conditions of her sentence by failing to comply with the regulations of Oriana House and failing to regularly report to her probation officer. The trial court imposed a 12-month prison sentence on each case and ordered the terms to run consecutively.
 {¶ 6} Yost appeals, raising three assignments of error.
 Nonminimum Sentence {¶ 7} In her first assignment of error, Yost argues that the trial court erred in imposing more than a minimum sentence when she had never previously served a prison term. She contends that the trial court failed to make the required findings under R.C. 2929.14(B) to depart from a minimum sentence. In the alternative, she argues that, in light of the United States Supreme Court's recent decision in Blakely v. Washington
(2004), ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.2d 403, the trial court was prohibited from imposing more than the minimum sentence without her express stipulation to the findings or her consent to the judicial factfinding.
 {¶ 8} Initially, we note that, following a community control violation, the trial court must sentence the offender anew and must comply with the relevant sentencing statutes. State v. Fraley,105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17. R.C. 2929.15(B) governs the imposition of a prison term for a violation of community control and provides that the prison term specified shall be within the range of prison terms available for the offense for which the sanction was imposed and "shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) [sic, (B)(5)] of section 2929.19 of the Revised Code." Id. at ¶ 10, quoting R.C. 2929.15(B). See, also, R.C. 2929.19(B)(5). In examining a trial court's imposition of a prison sentence following a community control violation, the critical issue for a reviewing court is whether the trial court informed the defendant, at the sentencing hearing preceding the violation, of the specific prison term it would impose for such a violation. Id.; see, also, State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746, paragraph two of the syllabus.
 {¶ 9} In the instant case, it is undisputed that the trial court informed Yost at the February 2004 hearing that another violation of her community control would result in a specific prison term of one year on each count, to run consecutively. Thus, the trial court complied with the notification requirements of R.C. 2929.15(B) and 2929.19(B)(5). We now address whether the sentence comports with the other relevant statutory provisions.
 {¶ 10} R.C. 2929.14(B)(2) requires that the trial court impose the minimum sentence on an offender who has not previously served a prison term, unless the court finds one of the following on the record: (1) that the shortest prison term will demean the seriousness of the offender's conduct or (2) will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B)(2). The Ohio Supreme Court has held that, "pursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings on the record at the sentencing hearing."State v. Comer, 99 Ohio St.3d 463, 469, 2003-Ohio-4165.
 {¶ 11} Contrary to Yost's assertion, the record reveals that the trial court expressly found that the minimum sentence would demean the seriousness of the offense and would not adequately protect the public. Thus, we find no merit to her contention that the trial court failed to make the required finding for imposing a nonminimum sentence.
 {¶ 12} Further, Yost's argument that her nonminimum sentence violates the United States Supreme Court's decision in Blakely has been addressed in this court's en banc decision of State v. Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666. In Atkins-Boozer, we held that R.C.2929.14(B) does not implicate the Sixth Amendment as construed inBlakely. As we noted in Atkins-Boozer, the subjective determination of whether a minimum sentence would demean the seriousness of the offense is not a matter to be determined by a jury. Likewise, neither the Sixth Amendment nor Blakely requires the sentencing court to ensure that the defendant stipulates to the finding or consents to the trial court's compliance with R.C. 2929.14(B). Rather, the finding is a matter reserved for the sound discretion of the trial court and necessary for its determination of the appropriate sentence within the statutory range. Accordingly, we reject Yost's claim that the trial court was prohibited from making the required findings for imposing a nonminimum sentence on a first offender absent her express consent or stipulation to the finding.
 {¶ 13} The first assignment of error is overruled.
 Consecutive Sentences {¶ 14} In her second assignment of error, Yost claims that the trial court erred in imposing consecutive sentences without making the necessary statutory findings. We disagree.
 {¶ 15} Pursuant to R.C. 2929.14(E)(4), the court may impose consecutive sentences for convictions of multiple offenses only after it makes three determinations: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender, (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) if the court also finds any of the following:
"(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
R.C. 2929.14(E)(4). See, also, State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165.
 {¶ 16} When a trial court imposes consecutive sentences under R.C.2929.14, it must also comply with R.C. 2929.19(B)(2)(c), which requires that the court "make a finding that gives its reasons for selecting the sentences imposed." The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). Comer, supra. See, also, State v. Hudak, Cuyahoga App. No. 82108, 2003-Ohio-3805, citing,State v. Brice (Mar. 29, 2000), Lawrence App. No. 99 CA21. Moreover, "a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Comer, supra. These findings and reasons need not "directly correlate each finding to each reason or state a separate reason for each finding" but must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision. State v. Cottrell, Cuyahoga App. No. 81356, 2003-Ohio-5806; Comer, supra, citing, Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12.
 {¶ 17} Our review of the record reveals that the trial court made the necessary findings to support the imposition of consecutive sentences for the two offenses. In imposing consecutive sentences, the trial court stated:
"As for the consecutive sentences, this is a discretionary consecutive sentence. I believe that it's necessary to protect the public and punish the offender, and not disproportionate to the conduct and to the danger the offender poses; and that the harm is so great or unusual that a single term does not adequately reflect the seriousness of the conduct; and the offender's criminal history shows that consecutive sentences are needed to protect the public."
 {¶ 18} In support of these findings, the trial court relied on Yost's prior criminal offenses, including theft and soliciting convictions. The trial court further noted that Yost's record demonstrated a pattern of escalating criminal conduct which justified the imposition of consecutive sentences. Moreover, the trial court additionally noted that Yost's drug problem, coupled with her numerous unsuccessful attempts at treatment, demonstrated a strong likelihood of recidivism. The trial court stated:
"She has a drug problem that has attempted to be corrected in this manner on numerous occasions by the Court, including treatment of various kinds. I've done everything I possibly could do to try and help this individual.
I believe that the extent the treatment has been a failure and that the drug problem that she has would lead her to continue her ____ in her unlawful ways.
* * *
Here again, she had a prior criminal history of theft and soliciting charges which are indicated.
The nature of the involvement that she had with the illegal/illicit activity, I believe that the possession of drugs is an exacerbation or acceleration of her illegal activity, and that this is creating a situation where she will continue to violate the law and will continue to place the public safety in jeopardy."
 {¶ 19} Thus, because the trial court made the required findings and stated its reasons for such findings, we overrule the second assignment of error.
 Maximum Sentences {¶ 20} In her final assignment of error, Yost argues that the trial court erred in imposing maximum sentences because it failed to comply with R.C. 2929.14(C). We disagree.
 {¶ 21} R.C. 2929.14(C) allows the sentencing court to impose a maximum sentence on an offender under certain circumstances. In State v.Edmonson (1999), 86 Ohio St.3d 324, 329, the Ohio Supreme Court determined that in order to lawfully impose the maximum term, the record must reflect that the trial court imposed the maximum sentence after having first found that the offender satisfied one of the criteria set forth in R.C. 2929.14(C). As pertinent to this appeal, R.C. 2929.14(C) permits the court to impose a maximum sentence "upon offenders who pose the greatest likelihood of committing future crimes."
 {¶ 22} R.C. 2929.19(B)(2)(d) further requires that the trial court "make a finding that gives its reasons for selecting the sentence imposed[.]" Edmonson, supra, at 328. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. Hollander, supra, at 569. Moreover, the trial court must make these findings on the record orally at the sentencing hearing. Comer, supra, at paragraphs one and two of the syllabus.
 {¶ 23} In determining whether an offender poses the greatest likelihood of committing future crimes, a trial court must consider the five factors enumerated in R.C. 2929.12(D), which include:
"(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141
[2929.14.1] of the Revised Code.
"(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.
"(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
"(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
* *"
 {¶ 24} In imposing the maximum sentence, the trial court stated:
"I believe the longest time would be applicable here because she poses the greatest likelihood of committing future crimes, and she has committed the worst form of the offense.
As indicated in the presentence investigation reports, although these are the first incarcerations for the defendant, she's been involved in illegal activities for a period of time, including theft offense and soliciting.
She has a drug problem that has attempted to be corrected in this manner on numerous occasions by the Court, including treatment of various kinds. I've done everything I possibly could do to try and help this individual.
I believe that the extent the treatment has been a failure and that the drug problem that she has would lead her to continue her — in her unlawful ways."
 {¶ 25} The trial court properly analyzed the factors enumerated in R.C. 2929.12(D) and determined that Yost posed the greatest likelihood of committing future crimes. As stated above, the court relied on the fact that Yost continuously violated the conditions of her community control, that she had a history of criminal convictions, that she failed to respond favorably to the court's earlier imposed sanctions, and that she demonstrated a pattern of drug abuse which she refused to treat. Moreover, the record reveals that Yost committed the drug possession offense in Case No. CR-438615 while serving a sentence of community control in the earlier case.
 {¶ 26} Accordingly, we find that the trial court complied with the statutory requirements for imposing a maximum sentence on each count.
 {¶ 27} The final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J. concurs; Dyke, P.J. concurs in judgment only.