OPINION
{¶ 1} On April 19, 2004, appellant, Terry Spires, pled no contest to domestic violence in violation of R.C. 2919.25. By judgment entry filed June 8, 2004, the trial court sentenced appellant to three years community control, to run consecutively to another three year community control sentence in another case involving a theft charge.
 {¶ 2} On August 24, 2004, the state filed a motion to revoke appellant's probation. Appellant admitted to a violation. By judgment entry filed October 13, 2004, the trial court extended the community control to five years, and stated if he violated again, he would serve eleven months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "The trial court erred in sentencing appellant terry spires (spires) to a prison term after spires initial violation of his community control provisions."
 I {¶ 5} Appellant claims the trial court erred in imposing an eleven month prison term during the probation revocation hearing when none was imposed at the time of the original sentencing. To be more precise, the trial court increased appellant's community control time and stated, "if you were to violate the terms of your community control, that I will extend to five years, I will sentence you to a term of 11 months in the state penitentiary." October 13, 2004 T. at 8-9.[1] Appellant claims this statement violates R.C. 2929.15(B), R.C. 2929.19(B)(5) and the Supreme Court of Ohio's decision in State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746, wherein the court stated the following at ¶ 29:
 {¶ 6} "For all the foregoing reasons, we hold that pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation."
 {¶ 7} In State v. Fraley, 105 Ohio St.3d 13,2004-Ohio-7110, ¶ 8, the Supreme Court of Ohio reviewed the following certified question: "whether R.C. 2929.19(B)(5) requires a judge to notify a defendant at his initial sentencing hearing, as opposed to any subsequent sentencing hearings, of the specific prison term that may be imposed as a sanction for a subsequent community control violation."
 {¶ 8} The court at ¶ 17 answered the certified question in the affirmative:
 {¶ 9} "The notification requirement in R.C. 2929.19(B)(5) is meant to put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs. Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes. State v. Martin, 8th Dist. No. 82140, 2003-Ohio-3381, 2003 WL 21474154, at ¶ 35. The trial court could therefore comply with both the sentencing statutes and our holding in Brooks if at this second hearing the court notifies the offender of the specific prison term that may be imposed for a subsequent violation occurring after this second hearing. We believe that this process complies with the letter and spirit of R.C. 2929.19(B)(5) and 2929.15(B)."
 {¶ 10} Despite this holding, appellant argues paragraph 15 ofFraley controls and supports a reversal sub judice. We disagree. In paragraph 15, the Fraley court restated theBrooks decision and specifically used the words "original"
and "first" as follows:
 {¶ 11} "Thus, in order to comply with R.C. 2929.19(B)(5), theoriginal sentencing hearing is the time when the notification must be given for the court to impose a prison term upon a defendant's first community control violation. However, this court has not ruled on the timing of notification required by the statute in order to impose a prison term when an offender violates his community control sanctions multiple times."
 {¶ 12} We find these specific emphasized words lead logically to the holding in Fraley that a trial court can correct aBrook's sentencing error at a subsequent probation violation hearing provided the trial court does not impose the sentence for that violation.
 {¶ 13} The sole assignment of error is denied.
 {¶ 14} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
By Farmer, J. Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed.
[1] Appellant has not been sentenced for any subsequent violation. We question whether this appeal is premature given the fact appellant remains on community control; however, in the interest of judicial economy we will address the issue.