OPINION
{¶ 1} Defendant-appellant, Michael Madaffari, appeals the sentencing decision of the Butler County Court of Common Pleas following his community control violation.[1]
 {¶ 2} After pleading guilty to one count of attempted safe-cracking and three counts of breaking and entering, all fifth-degree felonies, appellant was sentenced on August 15, 2001 to five years of community control with conditions. Appellant was told at that initial sentencing hearing that if he violated community control, he could be sentenced "to prison for close to four years on those four felonies[.]" Appellant never appealed that sentence. Appellant subsequently violated the conditions of his community control. As a result, on December 9, 2003, appellant was sentenced to nine months in prison on each of the four counts, to be served consecutively. Appellant did not timely appeal his prison sentence. However, on September 22, 2004, this court granted appellant leave to file a delayed appeal. On appeal, appellant raises three assignments of error.
 {¶ 3} In his first assignment of error, appellant argues that it was error for the trial court to revoke his community control and impose a prison term where the trial court failed to notify him at the initial sentencing hearing of the specific prison term it would impose if appellant violated his community control, in contravention of State v.Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746.
 {¶ 4} In Brooks, the Ohio Supreme Court held "that pursuant to R.C.2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." Id. at ¶ 29.
 {¶ 5} Brooks was decided in September 2004. Appellant was sentenced to community control in 2001 at the initial sentencing hearing. The issue, then, is whether appellant is entitled to the retroactive application ofBrooks to his community control sentence.
 {¶ 6} It is well-established that "a new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final[.]" Ali v. State, 104 Ohio St.3d 328, 2004-Ohio-6592, ¶ 6; State v. Fields (Apr. 3, 2000), Clermont App. No. CA99-07-077. A final conviction "means a conviction in which the accused has exhausted all his appellate remedies or as to which the time for appeal as of right has expired." State v. Lynn (1966), 5 Ohio St.2d 106, 108.
 {¶ 7} As noted earlier, after pleading guilty to four felonies, appellant was sentenced to community control in 2001. He never appealed that sentence. Appellant subsequently violated the conditions of his community control. As a result, in December 2003, appellant was sentenced to nine months in prison on each of the four counts. Appellant did not timely appeal his prison sentence. Instead, in August 2004, appellant filed a notice of appeal and motion to file a delayed appeal. On September 22, 2004, this court granted appellant leave to file a delayed appeal. That same day, Brooks was decided.
 {¶ 8} We find that appellant has no legal right to the application ofBrooks to this case. See State v. Novel, II, Richland App. No. 05CA8, 2005-Ohio-2547. When Brooks was decided, "the time for appeal as of right had [clearly] expired" with regard to appellant's community control sentence. See Lynn, 5 Ohio St.2d at 108. Nonetheless, one could argue that since appellant's appeal of his prison sentence was pending before this court when Brooks was decided, his conviction was not final andBrooks applies retroactively.
 {¶ 9} However, according to the Ohio Supreme Court in State v.Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110, "[f]ollowing a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes." (Emphasis added.) Id. at ¶ 17; State v. Sneed, Butler App. No. CA2004-06-153, 2005-Ohio-1078, ¶ 8.
 {¶ 10} We therefore find that when a trial court sentences an offender to community control and the offender does not appeal his community control sentence, the offender's conviction becomes final with regard to the community control sentence. In the case at bar, appellant has no legal right to the application of Brooks to his case as he had exhausted his appellate remedies from his community control sentence before Brooks
was decided. See State v. Greene, Sandusky App. No. S-03-045, 2004-Ohio-3456 (once a conviction has become final because the defendant can no longer pursue any appellate remedy, any new case law cannot be applied retroactively even if it would be relevant to the facts of the case).
 {¶ 11} Since Brooks does not apply retroactively to this case, we find that the trial court did not err by failing to notify appellant at the initial sentencing hearing of the specific prison term it would impose if appellant violated his community control. Appellant was told at that initial sentencing hearing that if he violated community control, he could be sentenced to prison for close to four years. The trial court therefore did not err by revoking his community control and imposing a prison term. Appellant's first assignment of error is overruled.
 {¶ 12} In his second assignment of error, appellant argues that the trial court erred by imposing consecutive prison sentences. In his third assignment of error, appellant argues that the trial court erred by imposing nonminimum prison sentence on each count. At the heart of both arguments is appellant's contention that the trial court failed to make the required statutory findings to impose nonminimum and consecutive sentences at the initial sentencing hearing in violation of State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 13} In Comer, the Ohio Supreme Court held that "[p]ursuant to R.C.2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." Likewise, "[p]ursuant to R.C. 2929.14(B), when imposing a nonminimum sentence on a first offender, a trial court is required to make its statutorily sanctioned findings at the sentencing hearing." Id. at paragraphs one and two of the syllabus.
 {¶ 14} As we have before, we "reject [the] argument that the trial court was required to make the requisite statutory findings to impose consecutive sentences at the initial sentencing hearing." Sneed, Butler App. No. CA2004-06-153, 2005-Ohio-1078, ¶ 10. The sentencing statutes under R.C. Chapter 2929 clearly indicate that findings and reasons, if applicable, must be given when a prison sentence is imposed. See id. Thus, it follows that a trial court is required to make the statutory findings and supporting reasons under R.C. 2929.14(E)(4), not when it sentences a defendant to community control, but when it actually imposes a consecutive prison term.
 {¶ 15} For the same reasons, we reject appellant's argument that the trial court was required to make the requisite statutory findings to impose nonminimum sentences at the initial sentencing hearing. See Statev. Brown (Mar. 22, 2001), Cuyahoga App. No. 77875. Again, pursuant to the sentencing statutes under R.C. Chapter 2929, a trial court is required to make the statutory findings under R.C. 2929.14(B), not when it sentences a defendant to community control, but when it actually imposes a nonminimum prison term.
 {¶ 16} Appellant was sentenced to prison terms at the second sentencing hearing in 2003, and not at the initial sentencing hearing in 2001. Upon thoroughly reviewing the record, we find that the trial court made the required findings under R.C. 2929.14(E)(4) and gave supporting reasons for those findings at the second sentencing hearing before imposing the consecutive prison terms. Likewise, the record shows that the trial court made the required findings under R.C. 2929.14(B) at the second sentencing hearing before imposing nonminimum prison terms. We therefore find that the trial court did not err by imposing nonminimum and consecutive prison terms. Appellant's second and third assignments of error are overruled.
 {¶ 17} Judgment affirmed.
Powell, P.J., and Bressler, J., concur.
[1] Pursuant to Loc.R. 6(A), we sua sponte remove this appeal from the accelerated calendar.