DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Jeffrey Ratkosky has appealed from the denial of his motion to terminate his sentence of imprisonment in the Medina County Court of Common Pleas. This Court affirms.[1]
 I {¶ 2} In 1999, Appellant pled guilty to one count of burglary, one count of carrying a concealed weapon, and one count of resisting arrest; he was sentenced to community control. Appellant subsequently violated his community control and on September 15, 2000 he was sentenced to a term of imprisonment for two violations. Appellant appealed his sentence to this Court and we affirmed the sentence on May 23, 2001. Appellant appealed our decision to the Ohio Supreme Court and the Supreme Court declined jurisdiction.
 {¶ 3} On September 30, 2004, Appellant filed a motion to terminate his sentence of imprisonment and a motion to impose the community control violation. He argued that his sentence should be vacated because he was not informed of the prison sentence he would receive if he violated community control. Appellant based his motion on the Ohio Supreme Court's holding in State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, which requires a trial court inform a defendant at the sentencing hearing of the specific prison term it will impose if the defendant violates community control. Brooks at ¶ 29. Appellant argued that Brooks applied retrospectively. On January 12, 2005, the trial court denied Appellant's motion. Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DENYING APPELLANT['S] MOTION TO TERMINATE THE SENTENCE OF IMPRISONMENT FOR HIS COMMUNITY CONTROL VIOLATIONS, WHERE TERMINATION OF THAT PRISON SENTENCE IS REQUIRED BY THE OHIO SUPREME COURT DECISION IN STATE V. BROOKS (2004), 103 OHIO ST.3D 134, 2004-OHIO-4746, 814 N.E.2D 837 WHICH APPLIES RETROSPECTIVELY TO APPELLANT."
 {¶ 4} In his sole assignment of error, Appellant has argued that the trial court erred in denying his motion to terminate his sentence of imprisonment for his community control violations. Specifically, Appellant has argued that Brooks applies retrospectively to him and requires the termination of his sentence. We disagree.
 {¶ 5} Appellant's appeal of the denial of his motion to terminate his prison sentence is based on the issue of whether Brooks applies retroactively; such a question is a legal question. When an appellate court is presented with purely legal questions, the standard of review to be applied is de novo. Akron-Canton Waste Oil, Inc. v. Safety-Kleen Oil
(1992), 81 Ohio App.3d 591, 602. Under the de novo standard of review, an appellate court does not give deference to a trial court's decision. Akron v. Frazier (2001), 142 Ohio App.3d 718, 721.
 {¶ 6} In Brooks, the Ohio Supreme Court held that:
"[P]ursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation." Brooks, at ¶ 29.
 {¶ 7} It is well established that "a new judicial ruling may be applied only to cases that are pending on the announcement date. * * * The new judicial ruling may not be applied retroactively to a conviction that has become final[.]" Ali v. State, 104 Ohio St.3d 328, 2004-Ohio-6592, at ¶ 6. A final conviction "means a conviction in which the accused has exhausted all his appellate remedies or as to which the time for appeal as of right has expired." State v. Lynn (1966), 5 Ohio St.2d 106, 108.
 {¶ 8} The Fifth and Twelfth Appellate Districts have addressed the issue currently before this Court and found that Brooks is not retroactive. In State v. Novel, II, 5th Dist. No. 05CA8, 2005-Ohio-2547, the court was presented with similar facts to the instant matter. Novel was sentenced to community control years before Brooks, violated community control and was sentenced to a term of incarceration beforeBrooks. Like Appellant, Novel argued that Brooks was retroactive and filed a motion to vacate his prison sentence. Citing Ali, the Fifth District disagreed and found that Novel was "not entitled to the retroactive application of Brooks to his conviction and sentence, which had become final before Brooks was decided." Novel, II at ¶ 15.
 {¶ 9} Similarly, in State v. Madaffari, 12th Dist. No. CA2004-08-193,2005-Ohio-3625, the Twelfth District Court of Appeals declined to applyBrooks retroactively. Id. at ¶ 8. Like Appellant and Novel before him, Madaffari was convicted and sentenced to prison on a community control violation before Brooks was decided. Madaffari also argued that Brooks
was retroactive. Citing Novel, II, supra, the Twelfth District found that Madaffari had "no legal right to the application of Brooks to [his] case." Madaffari at ¶ 8.
 {¶ 10} We agree with the reasoning of the Fifth and Twelfth Districts and find that Appellant is not entitled to retroactive application ofBrooks.[2] Appellant was sentenced to community control in 1999, was sentenced to a term of incarceration for violating his community control in 2000, and exhausted his appellate remedies in 2001, years beforeBrooks was decided. Based on the procedural history of Appellant's case it is clear that Appellant's conviction and sentence were final well before Brooks was decided in 2004. Accordingly, Appellant is not entitled to the retroactive application of Brooks. See Madaffari, Novel, II, andAli, supra.
 {¶ 11} Since Brooks does not apply retroactively to this case, we find that the trial court did not err by denying Appellant's motion to terminate his term of imprisonment. Appellant's sole assignment of error lacks merit.
 III {¶ 12} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J. Moore, J. concur.
[1] On July 18, 2005, without seeking leave from this Court, Appellant filed a supplemental brief. The State responded on July 21, 2005 with a motion to strike the supplemental brief. Pursuant to App.R. 16(C), Appellant's supplemental brief is stricken.
[2] The State has argued that Appellant waived this argument and that res judicata applies, we decline to address such arguments and instead resolve the case on its merits.