OPINION
{¶ 1} Defendant-appellant, Ronald D. Osborne ("Osborne"), appeals the March 23, 2004 Judgment Entry of Sentence of the Lake County Court of Common Pleas. For the following reasons, we affirm Osborne's sentence.
 {¶ 2} On February 19, 2003, Osborne entered written and oral guilty pleas to the crime of theft from an elderly person or disabled adult, a fourth degree felony in violation of R.C. 2913.02(A)(3). On March 18, 2004, Osborne was sentenced to three years of community control sanctions, to serve one hundred fifty days in the Lake County Jail, and ordered to pay $11,700 in restitution to the Lake County Probation Department on behalf of the victim, Herbert Allen. The sentencing judge also told Osborne, "If you do not comply with this order, then I will send you to prison for eighteen months."
 {¶ 3} Osborne timely appeals his sentence and raises the following assignments of error:
 {¶ 4} "[1.] The trial court erred to the prejudice of Appellant by not imposing the minimum sentence for the offense for which Appellant pleaded guilty to, which sentence is in violation of the statutory guidelines and is contrary to law.
 {¶ 5} "[2.] The Trial Court erred to the prejudice of the Appellant by imposing the maximum sentence in violation of statutory mandates which sentence is contrary to law.
 {¶ 6} "[3.] The Trial Court erred to the prejudice of the Appellant by imposing the maximum sentence in violation of statutory mandates which sentence is contrary to law."
 {¶ 7} All three of Osborne's assignments of error challenge the sentencing court's imposition of "the maximum sentence of eighteen months" for a fourth degree felony, if Osborne fails to comply with the community control sanctions. If the trial court had imposed more than a six month prison term as the initial sentence on Osborne, who has not previously served a prison term, the sentencing court would have had to find that the shortest prison term would demean the seriousness of Osborne's conduct or would not adequately protect the public from future crime by Osborne. R.C. 2929.14(A)(4) and (B). If the trial court had imposed an eighteen-month prison term, the maximum for a fourth degree felony, as the initial sentence on Osborne, the sentencing court would have had to find that Osborne committed the worst form of the offense or that he posed the greatest likelihood of committing future crimes. R.C. 2929.14(A)(4) and (C).
 {¶ 8} The State argues that Osborne's appeal is premature. According to the State, "[t]he 18 months in prison referenced in the trial court's sentencing entry merely put [Osborne] on notice that he could be subjected to that much potential time in prison if he were to violate the terms of his community control sanctions." In other words, there can be no error in the sentence complained of because the court has not imposed that sentence. We agree with the State.
 {¶ 9} The true sentence imposed on Osborne is not a term of imprisonment, but rather three years of community control sanctions including one hundred fifty days in jail and $11,700 in restitution. When a trial court sentences an offender to community control sanctions, the court is statutorily required, "at the time of sentencing, [to] notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction." State v. Brooks,103 Ohio St.3d 134, 2004-Ohio-4746, paragraph two of the syllabus, citing R.C. 2929.19(B)(5) and 2929.15(B). If the sentencing court had failed to notify Osborne of the potential sentence of eighteen months imprisonment for violating the sanctions, the court would have been precluded from imposing that sentence should Osborne violate the sanctions. Id. at paragraph two of the syllabus, ¶ 33. As the State has argued, therefore, the court's reference to the eighteen month prison sentence is not the imposition of a prison sentence, but rather notification of a potential sentence as required by R.C. 2929.19(B)(5). There is no requirement that a sentencing court comply with R.C. 2929.14(B) or (C) in order to notify an offender of a potential sentence.
 {¶ 10} This conclusion is confirmed by the Ohio Supreme Court's construal of R.C. 2929.19(B)(5) and 2929.15(B) in State v. Fraley,105 Ohio St.3d 13, 2004-Ohio-7110, decided the same year as Brooks. InFraley, the court explained that notification of the specific prison term that may be imposed for violation of a sanction need not occur at the original sentencing hearing. An offender under a community control sanction is sentenced "anew" following each violation of the sanction and the sentencing court may comply with any relevant sentencing statutes at subsequent sentencing hearings. Id. at ¶ 17. In Fraley, for example, the lower court did not comply with the requirements of R.C. 2929.14(C) for imposing a non-minimum sentence and R.C. 2929.14(E)(4) for imposing consecutive sentences until the fourth sentencing hearing held for violating community control sanctions. Id. at ¶¶ 5, 19.
 {¶ 11} Since notification of the possible imposition of the maximum sentence need not have occurred at Osborne's original sentencing hearing, we hold that the sentencing court need not have complied with R.C. 2929.14(B) or (C) at the original hearing either. Accord, State v.McWilliams, 9th Dist. No. 22359, 2005-Ohio-2148, at ¶ 9 ("a trial court need not notify a defendant at his original sentencing hearing of the specific prison sentence he will receive for violating community control"); State v. Sneed, 12th Dist. No.CA2004-06-153, 2005-Ohio-1078, at ¶ 10 ("[t]he sentencing statutes under R.C. Chapter 2929 indicate that findings and reasons, if applicable, must be given when the sentence is imposed") (emphasis sic); State v. Maxwell, 4th Dist. No. 04CA2811,2005-Ohio-3575, at ¶ 16 ("[w]hen an offender violates community control sanctions, the trial court conducts a second sentencing hearing * * *; [at which] [t]he trial court could notify the offender * * * of the possible sanctions for any further community control violations"); Statev. Spires, 5th Dist. No. 04CA97, 2005-Ohio-3544, at ¶ 12 ("a trial court can correct a Brook's [sic] sentencing error at a subsequent probation violation hearing"); State v. Yost, 8th Dist. No. 85283, 2005-Ohio-3138, at ¶ 8 ("the critical issue for a reviewing court is whether the trial court informed the defendant, at the sentencing hearing proceding the violation, of the specific prison term it would impose for such a violation").
 {¶ 12} Osborne's three assignments of error are without merit. The sentence imposed by the Lake County Court of Common Pleas in its March 23, 2004 Judgment Entry of Sentence is affirmed.
O'Toole, J., Concurs, O'Neill, J., dissents with a Dissenting Opinion.