JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Melvin Stevens ("Stevens") appeals his sentence. Finding plain error, we vacate the sentence and remand for resentencing.
 {¶ 2} In 2004, Stevens was charged with aggravated robbery with a notice of prior conviction and domestic violence. Stevens pled guilty to all charges.
 {¶ 3} The trial court sentenced Stevens to a concurrent term of seven years on the aggravated robbery and six months on the domestic violence.
 {¶ 4} Stevens appeals his sentence, raising two assignments of error. In his first assignment of error, he argues that the trial court erred in sentencing him to seven years in prison.
 {¶ 5} This court reviews a felony sentence de novo. R.C.2953.08. A sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. R.C. 2953.08(G)(2); State v. Hollander (2001),144 Ohio App.3d 565, 760 N.E.2d 929.
 {¶ 6} An offender convicted of a first degree felony may be sentenced to a prison term of three to ten years, in yearly increments. R.C. 2929.14(A)(1).
 {¶ 7} R.C. 2929.14(B) states in pertinent part:
"If the court imposing a sentence upon an offender for afelony elects or is required to impose a prison term on theoffender and if the offender previously has not served a prisonterm, the court shall impose the shortest prison term authorizedfor the offense unless * * * the offender was serving a prisonterm at the time of the offense, or the offender previously hadserved a prison term. * * *"
 {¶ 8} Although the trial court is not required to explain its reasoning for giving more than the minimum sentence, it must be clear from the record that it first considered the minimum sentence and then decided to impose a longer sentence based on one of the two statutorily sanctioned reasons under R.C.2929.14(B). State v. Edmonson, 86 Ohio St.3d 324,1999-Ohio-110, 715 N.E.2d 131; State v. Mondry, Cuyahoga App. No. 82040, 2003-Ohio-7055, ¶ 8. Further, the statutory findings the court is required to make must be clearly and convincingly supported by the record. R.C. 2953.08(G).
 {¶ 9} In the instant case, the court noted:
"First of all there is mandatory prison time here. Secondly,the court finds that the defendant is quite obviously arecidivist, he's a likely recidivist, he has failed to respond topast attempts at rehabilitation, he committed these very seriousoffenses while on post-release control, and [he has] violated hiscommunity control and probation numerous times before, and hasserved time in penal institutions before.
 So the court finds that the defendant is not amenable tocommunity control sanctions. Prison term is consistent withprotecting the public from future crime and punishing you, thedefendant, that the shortest term would demean the seriousness ofthe defendant's conduct and not adequately protect the publicfrom future crime and punish the defendant."
 {¶ 10} In sentencing Stevens to seven years, the court reviewed his lengthy criminal record, which included previous terms of incarceration. While there is no requirement to give specific reasons for its findings, the trial court gave clear reasons why Stevens deserved more than the minimum sentence. Therefore, we find that the court made the appropriate findings to sentence Stevens to more than the minimum sentence.
 {¶ 11} In his second assignment of error, Stevens argues thatBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, dictates that the only allowable sentence is the minimum sentence.
 {¶ 12} Stevens' argument that his nonminimum sentence violates the United States Supreme Court's decision in Blakely
has been addressed in this court's en banc decision of State v.Atkins-Boozer, Cuyahoga App. No. 84151, 2005-Ohio-2666, in which we held that R.C. 2929.14(B) does not implicate the Sixth Amendment as construed in Blakely. As we noted inAtkins-Boozer, the subjective determination of whether a minimum sentence would demean the seriousness of the offense is not a matter to be determined by a jury. Likewise, neither the Sixth Amendment nor Blakely requires the sentencing court to ensure that the defendant stipulates to the finding or consents to the trial court's compliance with R.C. 2929.14(B). Rather, the finding is a matter reserved for the sound discretion of the trial court and necessary for its determination of the appropriate sentence within the statutory range. State v. Yost,
Cuyahoga App. No. 85283, 2005-Ohio-3138. Accordingly, we reject Stevens' claim that the trial court was prohibited from making the required findings for imposing a nonminimum sentence absent his express consent or stipulation to the finding. Therefore, the second assignment of error is overruled.
 {¶ 13} Additionally, although the issue is not raised as an assignment of error, this court is compelled to note the record demonstrates that plain error occurred during Stevens' sentencing.
 {¶ 14} To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. See State v.Tichon, (1995), 102 Ohio App.3d 758, 767, 658 N.E.2d 16.
 {¶ 15} "Accordingly, when a trial court fails to notify an offender about post-release control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d), and, therefore, the sentence must be vacated and the matter remanded to the trial court for resentencing." State v. Jordan, 104 Ohio St.3d 21, 28,2004-Ohio-6085, 817 N.E.2d 864. We further find that sinceJordan mandates that the offender's sentence be vacated and he be resentenced, the trial court must conduct a full resentencing hearing. It is insufficient for the trial court to conduct a partial resentencing to merely inform the defendant of post-release control without adhering to the other statutory requirements of a full sentencing hearing. Although this may seem burdensome, the court of appeals does not have the power to vacate just a portion of a sentence. State v. Webb, Cuyahoga App. No. 85318, 2005-Ohio-3839, citing, State v. Bolton (2001),143 Ohio App.3d 185, 757 N.E.2d 841. Therefore, when a case is remanded for resentencing, the trial court must conduct a complete sentencing hearing and must approach the resentencing as an independent proceeding complete with all applicable procedures. Id.
 {¶ 16} The transcript of the sentencing hearing demonstrates the trial court did not inform Stevens that he was subject to post-release control for the offense. Although the journal entry reflected that Stevens was subject to post-release control, this court has consistently held that the defendant must be personally advised of post-release control. "At sentencing" means "at the sentencing hearing," rather than "in the sentencing entry."State v. Bryant, Cuyahoga App. No. 79841, 2002-Ohio-2136. "This reversible error is plain and obvious and requires that this matter be remanded for resentencing." State v. Lynch, Cuyahoga App. No. 84637, 2005-Ohio-3392.
 {¶ 17} Accordingly, Stevens' sentence is reversed and vacated. This case is remanded for further proceedings consistent with this opinion.
 {¶ 18} The sentence is vacated, and this cause is remanded for resentencing.
It is ordered that appellant recover of appellee the costs herein taxed.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, J. and George, J.* concur.
* Sitting by assignment, Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.