OPINION *Page 2 
{¶ 1} Defendant-Appellant, Bert Leon Moton, appeals the decision of the Richland County Court of Common Pleas sentencing Appellant to five years in prison upon violation of his community control sanctions. Plaintiff-Appellee is the State of Ohio.
 STATEMENT OF THE CASE {¶ 2} On March 7, 2002, the Richland County Grand Jury indicted Appellant on one count of aggravated robbery with a firearm specification and one count of possession of drugs. Pursuant to a plea agreement with the State, Appellant pleaded to an amended charge of robbery, a felony of the third degree. The firearm specification and charge for possession of drugs were dismissed as part of the agreement.
 {¶ 3} In exchange for Appellant's guilty plea, Appellant was sentenced to three years of community control once he completed serving his sentence in an unrelated case. At the March 21, 2003 sentencing hearing, the trial court imposed the agreed upon sentence, but neglected to advise Appellant of the specific prison term that would be imposed for a violation of his community control.
 {¶ 4} While on community control, Appellant committed three probation violations. The trial court held a probation violation hearing on November 4, 2004. The State dismissed two counts of the probation violation upon Appellant's admission to one of the violations, possession of crack cocaine. At the hearing, the trial court admitted that at his original sentencing hearing on March 21, 2003, the trial court did not inform Appellant that a violation of his community control sanctions would result in a maximum five-year prison sentence. Pursuant to State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, *Page 3 814 N.E.2d 837, the trial court acknowledged that at this probation violation hearing, it could not impose a prison term for the violation of his community control sanction. The trial court sentenced Appellant to four years of community control. The trial court did advise Appellant that any subsequent violation of his community control sanctions would result in a maximum five year prison sentence.
 {¶ 5} On September 6, 2006, Appellant was again before the trial court for a hearing on alleged community control violations. Appellant entered admissions to several of the violations. The trial court then imposed the maximum five-year prison sentence. It is from this decision Appellant now appeals.
 {¶ 6} Appellant raises one Assignment of Error:
 {¶ 7} "I. WHETHER A PRISON TERM MAY BE IMPOSED FOR VIOLATION OF COMMUNITY CONTROL SANCTION WHERE A TRIAL COURT FAILS TO PROVIDE ANY NOTICE WHATSOEVER TO AN OFFENDER OF ANY POSSIBLE PRISON TERM WHICH WOULD OR MIGHT BE IMPOSED IF THE CONDITION(S) OF THE COMMUNITY CONTROL SANCTION(S) ARE VIOLATED."
 I. {¶ 8} Appellant argues that the trial court committed reversible error when it sentenced Appellant to five years in prison at the September 6, 2006 community control violation hearing when the trial court failed to inform Appellant at his original sentencing hearing of the specific prison term that would be imposed for a community control violation. We disagree.
 {¶ 9} At issue are R.C. 2929.15(B) and the Ohio Supreme Court's decision in State v. Brooks, supra. In Brooks, the Court stated the following at ¶ 29: *Page 4 
 {¶ 10} "For all the foregoing reasons, we hold that pursuant to R.C.2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation."
 {¶ 11} Following Brooks, the Ohio Supreme Court ruled in State v.Fraley, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17, that "[t]he notification requirement in R.C. 2929.19(B)(5) is meant to put the offender on notice of the specific prison term he or she faces if a violation of the conditions occurs. Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes. [citation omitted] The trial court could therefore comply with both the sentencing statutes and our holding in Brooks if at this second hearing the court notifies the offender of the specific prison term that may be imposed for a subsequent violation after this second hearing. We believe that this process complies with the letter and spirit of R.C. 2929.19(B)(5) and 2929.15(B)."
 {¶ 12} Likewise, this Court has previously addressed these issues inState v. Spires, 5th Dist. No. 04CA97, 2005-Ohio-3544. InSpires, the trial court originally sentenced the defendant to three years community control. At a later probation violating hearing, the trial court extended the community control to five years and stated that if the defendant violated again, he would serve eleven months in prison. The defendant argued that the extension of the community control and possible imposition of a prison sentence violated R.C. 2929.15(B). We found that pursuant to State v. Fraley, *Page 5 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, a trial court was permitted to correct a Brooks sentencing error at a subsequent probation violation hearing provided the trial court did not impose the sentence for that violation. Spires, at ¶ 12.
 {¶ 13} In the present case, the trial court did not notify Appellant at the original sentencing hearing of the specific prison term that may be imposed for a violation of the community control sanction. At Appellant's first community control violation hearing on November 4, 2004, the trial court did not impose a prison term. The trial corrected the Brooks sentencing error at that hearing and notified Appellant of the specific prison term that it would impose for any subsequent community control violations. At the September 6, 2006 community control violation hearing, the trial court imposed the prison sentence for the violation. We find this to be consistent with the holdings ofBrooks and Fraley.
 {¶ 14} Appellant's sole Assignment of Error is overruled.
 {¶ 15} The judgment of the Richland County Court of Common Pleas is affirmed.
Delaney, J. Farmer, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant. *Page 1