[Cite as *State v. Richter*, 2014-Ohio-5396.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2014-06-040 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 12/8/2014 |
| - vs - | | |
| | : | |
| DANNY RAY RICHTER, JR., | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2013TRC685


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

William J. Rapp and Joshua R. Crousey, One East Main Street, Amelia, Ohio 45102, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Danny Ray Richter, Jr., appeals from the 155-day jail term he received in the Clermont County Municipal Court after he admitted to violating the terms of his community control sanctions. For the reasons outlined below, we affirm.[1]

{¶ 2} On January 10, 2013, Richter was charged in the Clermont County Municipal

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar.

Court with one count of operating a motor vehicle while under the influence of alcohol (OVI) in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor. Richter subsequently entered a no contest plea and the municipal court found him guilty. The municipal court then sentenced Richter to 180 days in jail, suspending 135 of those days, and placed him on three years of community control. As part of his misdemeanor community control sanctions, Richter was ordered not to commit any additional criminal offenses or to consume any alcohol or illegal drugs. Richter was also explicitly informed that if he violated a condition of his community control sanctions, he would be "facing the revocation of [his] community control and all of the outstanding jail time that has not been imposed[.]"

{¶ 3} On April 3, 2014, Richter's probation officer filed an affidavit with the municipal court that alleged Richter had violated his community control sanctions. According to the submitted affidavit, Richter had been convicted in the Clermont County Court of Common Pleas for yet another OVI offense in violation of R.C. 4511.19(A)(1)(a), this time a fourth-degree felony. It is undisputed that Richter pled guilty to this new OVI offense and was thereafter sentenced by the common pleas court to serve 16 months in prison.

{¶ 4} On May 9, 2014, the municipal court held a hearing on Richter's alleged community control violation, during which time Richter admitted to violating the terms of his community control sanctions. Over his objection, the municipal court then revoked Richter's community control sanctions and ordered him to serve a 155-day jail term representing the 135 days that were previously suspended, as well as an additional 20 days originally imposed but not yet served, all consecutive to the 16-month prison sentence he received in the common pleas court. In so holding, the municipal court relied on R.C. 2929.41(B)(3), which states:

> A jail term or sentence of imprisonment imposed for a misdemeanor violation of section 4510.11, 4510.14, 4510.16, 4510.21, or 4511.19 of the Revised Code shall be served

consecutively to a prison term that is imposed for a felony violation of section 2903.06, 2903.07, 2903.08, or 4511.19 of the Revised Code or a felony violation of section 2903.04 of the Revised Code involving the operation of a motor vehicle by the offender and that is served in a state correctional institution when the trial court specifies that it is to be served consecutively.

{¶ 5} Richter now appeals from the municipal court's decision ordering him to serve his 155-day jail term consecutive to his 16-month prison sentence, raising one assignment of error for review.

{¶ 6} THE TRIAL COURT EXCEEDED ITS AUTHORITY BY ORDERING THAT A JAIL SENTENCE FOR A MISDEMEANOR BE RUN CONSECUTIVE TO A FELONY PRISON TERM.

{¶ 7} In his single assignment of error, Richter argues the municipal court erred by sentencing him to serve the 155-day jail term he received resulting from his admitted community control violation consecutive to his 16-month prison sentence imposed by the common pleas court for his most recent OVI conviction. In support of this claim, Richter argues the municipal court improperly applied R.C. 2929.41(B)(3) by ordering his jail term to run consecutive to his prison sentence as that statute was merely "intended to grant power to the common pleas court when sentencing a defendant for specific misdemeanor and felony sentences at the same time."

{¶ 8} Pursuant to R.C. 2929.41(A), it is presumed that misdemeanor and felony "sentences would be served concurrently unless a court stated otherwise." *In re H.V.*, 138 Ohio St.3d 408, 2014-Ohio-812, ¶ 59. However, as the parties correctly point out, R.C. 2929.41(B)(3) was amended through 1999 Am.Sub.S.B. 22 to allow for the imposition of consecutive sentences for certain misdemeanors and felony convictions. *See State v. Early*, 8th Dist. Cuyahoga No. 100482, 2014-Ohio-2643, ¶ 19; *see also State v. Dunham*, 5th Dist. Richland No. 13CA26, 2014-Ohio-1042, ¶ 76-77. Yet, as a simple review of the record

reveals, this case deals with the question of whether a jail term imposed for a violation of one's community control sanctions may be ordered to run consecutive to a prison sentence received in a different and unrelated case. It is well-established that any penalty imposed for violating a condition of one's community control sanctions is a punishment for that violation and not for the original underlying offense. *State v. Hart*, 4th Dist. Athens No. 13CA8, 2014-Ohio-3733, ¶ 22. Therefore, we find this case presents a somewhat different factual scenario that is not directly implicated by R.C. 2929.41(B)(3) regarding the imposition of multiple sentences for misdemeanor and felony offenses.

{¶ 9} Rather, pursuant to R.C. 2929.25(D)(2), if an offender violates any condition of their misdemeanor community control sanctions, such as the case here, the sentencing court may impose upon the violator one or more penalties, including the imposition of a jail term. As R.C. 2929.25(D)(2) states:

> If an offender violates any condition of a community control sanction, the sentencing court may impose upon the violator one or more of the following penalties:
>
> (a) A longer time under the same community control sanction if the total time under all of the community control sanctions imposed on the violator does not exceed the five-year limit specified in division (A)(2) of this section;
>
> (b) A more restrictive community control sanction;
>
> (c) A combination of community control sanctions, including a jail term.

{¶ 10} Nothing within R.C. 2929.25(D) regarding the consequences of violating a condition of one's misdemeanor community control sanctions prohibits the sentencing court from ordering the sentence to be served consecutively to any other jail term or sentence of imprisonment. Instead, the only prohibition is that the "the total time spent in jail for the misdemeanor offense and the violation of a condition of the community control sanction shall not exceed the maximum jail term available for the offense for which the sanction that was

- 4 -

violated was imposed," which, in this case, amounts to a total of 180 days. R.C. 2929.25(D)(3).

{¶ 11} Admittedly, this case presents a unique situation. However, as the record firmly establishes, Richter's 155-day jail term imposed by the municipal court resulting from his admitted violation of his community control sanctions was within the statutory range for a first-degree misdemeanor OVI offense. *See* R.C. 2929.24(A)(1). Therefore, we find the municipal court's decision to sentence Richter to serve his 155-day jail term consecutive to the 16-month prison sentence he received in the common pleas court was proper. To hold otherwise would effectively eliminate any penalty for his admitted violation of his community control sanctions through the commission of a new felony offense. That is clearly not the General Assembly's intent behind the provisions found in R.C. 2929.25(D). Such a decision is further supported by the fact that Richter was explicitly informed by the municipal court at his original sentencing hearing that he would be "facing the revocation of [his] community control and all of the outstanding jail time that has not been imposed" if he were to violate his community control sanctions.

{¶ 12} We reach the same conclusion through the application of the multiple sentences statute found in R.C. 2929.41(B)(3). As a simple reading of that statute reveals, through the passage of R.C. 2929.41(B)(3), the General Assembly explicitly permitted a trial court, in its discretion, to impose a jail term or sentence of imprisonment for a misdemeanor OVI violation to be served consecutive to a felony OVI violation "when the trial court specifies that it is to be served consecutively." That is what the municipal court did here. In fact, as the municipal court specifically stated, "that 155-day sentence in that case, as I previously indicated, is to be served consecutively to the prison sentence[.]"

{¶ 13} Richter, however, argues the municipal court improperly relied on R.C. 2929.41(B)(3) because that statute was only intended to "give the common pleas court the

authority to run specific misdemeanors consecutive to specific felonies that were indicted together – or, *related* charges where punishment is being meted out by one court." (Emphasis sic.) In support of this claim, Richter relies on the General Assembly's inclusion of the word "is" as opposed to "was," as well as its use of the singular "trial court" instead of "any court" or "second sentencing court." According to Richter, "the statute uses the present tense which indicates that it applies when the misdemeanor and felony sentences are being imposed at the same time" and by the same court.

{¶ 14} Although presenting a novel argument, we find Richter's interpretation of the statute would lead to absurd results and place an unrealistic burden on the various courts when dealing with repeat OVI offenders. For instance, although claiming the inclusion of the singular "trial court" indicates the General Assembly's intent to have the statute apply only to common pleas courts, nothing within the plain language of R.C. 2929.41(B)(3) defines or limits the term as such. Moreover, Richter's interpretation of the statute fails to take into account the General Assembly's use of the word "it," which, when read in context, refers back to the phrase "jail term or sentence of imprisonment imposed for a misdemeanor violation," including misdemeanor OVI in violation of R.C. 4511.19(A)(1)(a). Therefore, we find R.C. 2929.41(B)(3) authorized the municipal court to impose a jail term for Richter's misdemeanor OVI conviction to run consecutive to the prison sentence imposed by the common pleas court for his otherwise unrelated felony OVI conviction. *See Olmsted Falls v. Clifford*, 8th Dist. Cuyahoga No. 100375, 2014-Ohio-2397, ¶ 12 (a municipal court has the authority under R.C. 2929.41(B)(1) to order a misdemeanor sentence to run consecutive to a felony sentence that has been previously imposed by a common pleas court). Accordingly, Richter's sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

RINGLAND, P.J., and M. POWELL, J., concur.