[Cite as *State v. Davis*, 2016-Ohio-879.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2015-09-081 |
| Plaintiff-Appellee, | : | CA2015-09-082 |
| | : | O P I N I O N |
| - vs - | | 3/7/2016 |
| | : | |
| RANDY T. DAVIS, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 10 CR 26980

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Timothy J. McKenna, 125 East Court Street, Suite 950, Cincinnati, Ohio 45202, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Randy Davis, appeals from a decision in the Warren County Court of Common Pleas revoking his community control and imposing a prison term. For the reasons detailed below, we affirm.

{¶ 2} Davis was convicted of trafficking in heroin in 2010 and sentenced to three years of community control. A community control violation was later filed against Davis in 2012 after he was arrested for domestic violence and violation of a temporary protection

order. Davis was separately indicted for the felony domestic violence offense and later pled guilty to the domestic violence charge and to the community control violation with respect to the heroin trafficking case. Ultimately, the trial court continued community control in the trafficking case and placed Davis on three years community control in the domestic violence case. As a condition of his community control, Davis was ordered to successfully complete an in-patient mental health program.

{¶ 3} In October 2014, another community control violation was reported and filed against Davis alleging that he had violated the terms of his community control after he was arrested for criminal damaging. Davis admitted the violation and was continued on community control.

{¶ 4} Subsequently, in August 2015, Davis received another community control violation involving allegations that he was convicted of drug abuse, testing positive for the synthetic drug "spice," and having unauthorized contact with law enforcement by serving as a confidential informant without court approval.

{¶ 5} The trial court held a final hearing on the community control violations. Initially, Davis' counsel indicated that Davis intended to admit to the violations. However, Davis later indicated that he wished to plead "not guilty by reason of insanity" because he didn't understand what was happening, he was using drugs at the time, and had "50,000 things going through my head right now." Davis' counsel moved for a competency evaluation, which the trial court denied.

{¶ 6} Following a hearing, the trial court determined that Davis had violated the terms of his community control and imposed a sentence of 16 months on the trafficking in heroin case and ten months on the domestic violence case and ordered that those sentences be served concurrently. Davis now appeals this decision, raising two assignment of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ABUSED IT'S [sic] DISCRETION IN DENYING THE DEFENDANT'S MOTION FOR COMPETENCY AND FOR HAVING A HEARING WHEN THE DEFENDANT WAS INCOMPETENT.

{¶ 9} In his first assignment of error, Davis argues the trial court erred by denying his motion for a competency hearing during his probation revocation hearing. We disagree.

{¶ 10} "Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding." *State v. Payne*, 12th Dist. Warren No. CA2001-09-081, 2002-Ohio-1916; *State v. Mullins*, 12th Dist. Butler Nos. CA2011-10-195 and CA2011-10-196, 2012-Ohio-5005, ¶ 9. Not all protections afforded in a criminal trial apply to revocation proceedings. *Payne* at ¶ 15. For example, the Ohio Rules of Evidence do not apply, Evid.R. 101(C)(3), there is no right to a jury trial, and the privilege against self-incrimination is not available to a probationer. *Id.* In addition, the decision whether to grant a hearing on competency at a revocation hearing is within the sound discretion of the trial court, and must be determined on a case-by-case basis. *State v. Brank*, 5th Dist. Tuscarawas No. 2006AP090053, 2007-Ohio-919, ¶ 44, citing *State v. Qualls*, 50 Ohio App.3d 56 (10th Dist.1988); *State v. Bell*, 66 Ohio App. 3d 52, 57 (5th Dist.1990) (finding the trial court did not abuse its discretion in denying a competency hearing and noting that a "probation revocation proceeding is not a stage of a criminal prosecution").

{¶ 11} In the present case, Davis did not request a competency hearing until after the revocation hearing had begun. Prior to the request, Davis' counsel indicated to the court that Davis was prepared to enter an admission to the violations. However, Davis changed his mind and stated that he was "going to plead insanity on this, because it's not right." Furthermore Davis indicated "I don't understand how you're all doing this. I don't understand it at all."

{¶ 12} When the trial court explained that the proceeding was a final probation violation hearing, Davis stated that he understood. In explaining the procedures further, the trial court stated:

> THE COURT: What that means is, is that here in a minute, Mr. Harris is going to present some evidence to me as to whether or not you violated the terms of your community control in both of these cases. After he calls that witness to the stand, that witness is going to testify. [Defense Counsel] has the ability to ask that witness questions if he wants to and then after I hear that witness, if you want to present some evidence on your own behalf that you did not violate the terms of your community control, you can do that.
>
> * * *
>
> DEFENDANT DAVIS: I understand that.

Subsequently, the trial court denied Davis' request for a competency hearing. Later, Davis stated:

> DEFENDANT DAVIS: I don't know, I took a lot of drugs today and I just don't understand. I mean, I understand what you're saying, because - - but there's like 50,000 things going through my head right now. I don't - - I don't know what to say.

{¶ 13} Upon review of the record, the trial court did not abuse its discretion in denying Davis' request for a competency hearing. Here, the record is clear that after Davis stated that he did not "understand how you're all doing this," the trial court explained the proceeding and the procedures going forward. Thereafter, on two separate occasions, Davis stated that he understood. Simply, the trial court could properly determine whether the situation warranted further investigation into Davis' competency. Absent Davis' self-serving statements, there is no evidence warranting further investigation into Davis' competency. The record does not support Davis' contention that he was incompetent and the decision by the trial court was not an abuse of discretion. Accordingly, Davis' first assignment of error is without merit and overruled.

{¶ 14} Assignment of Error No. 2:

{¶ 15} THE RECORD DOES NOT SUPPORT THE SENTENCE IMPOSED BY THE COURT, AND THE COURT ABUSED ITS DISCRETION IN SENTENCING THE APPELLANT TO PRISON.

{¶ 16} In his second assignment of error, Davis alleges the trial erred by imposing a 16-month prison sentence because the trial court "did not balance the mitigating factors with the aggravating circumstances" and "did not take into account the fact that [Davis] had a mental illness." We find Davis' argument to be without merit.

{¶ 17} "[C]ommunity control revocation proceedings are not the same as a criminal trial, and a revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *State v. Artz*, 2d Dist. Champaign No. 2014-CA-34, 2015-Ohio-3789, ¶ 11. Upon revoking community control, the trial court may (1) lengthen the term of the community control sanction; (2) impose a more restrictive community control sanction; or (3) impose a prison term on the offender, provided that the prison term is within the range of prison terms available for the offense for which community control had been imposed and the term does not exceed the prison term specified in the notice provided to the offender at the original sentencing hearing. R.C. 2929.15(B). A "trial court has significant discretion in sentencing a defendant for a community control violation, so long as it is consistent with the purposes and principles of sentencing and with notification provided by the trial court when imposing the community control sanctions." *Artz* at ¶ 11; *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 20 (stating that a trial court has "a great deal of latitude in sentencing" an offender for a community control violation).

{¶ 18} In the present case, Davis was placed on community control following his trafficking in heroin and domestic violence convictions. The judgment entries imposing

community control in both cases expressly stated that the trial court had considered the principles and purposes of sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. Additionally, in revoking Davis' community control, the trial court provided ample reasons for imposing a prison term, including a detailed explanation of the issues involved in Davis' case.

> THE COURT: Mr. Davis, the problem that I have in this case, couple of problems I have in this case. First of all, we've had numerous violations in this. Not only the violations that we've talked about today. We've had some technical violations. Officer Hogg and I have staffed this case periodically over the time that you've been on probation with me and it's always been my position Mr. Davis, to try to manage you to the best of my ability in the community and I acknowledge what [defense counsel] is saying, which is we do not need our prisons filled up with folks who have mental health issues. We've tried in-patient treatment. We've tried everything we can do in this case that I can think of Mr. Davis to try to manage you in the community.
>
> DEFENDANT DAVIS: I do know that.
>
> THE COURT: And, Mr. Davis, the fact that you've picked up new felony charges, while you were on probation with me - - you worked with the TASK Force, which is completely inconsistent with what I do on probation, put you in touch with people, having you go into the community, having you lie to people, being around people and I think we talked about this at your preliminary violation hearing, Mr. Davis. You know that's not good for you. You need to get away from those influences, you need to get away from those substances and you need to get away from those people. But, you did that in your misdemeanor case, which I don't think it's appropriate for me to give you credit or mitigation as [defense counsel] said twice. You've got felony charges knocked down to misdemeanors in Lebanon Municipal Court for what you did and that's not in front of me. Maybe that was appropriate in that case. Maybe it wasn't, I don't know, but it is not constructive moving forward Mr. Davis to try to continue you on community control.
>
> I think to continue you back in the community, to return you to the community, on probation, is not consistent with the purposes and principals of sentencing. It would seriously demean not only what you did in this case, but your behavior on probation. I am going to sentence you * * * in those two cases.

**{¶ 19}** Contrary to Davis' argument on appeal, the trial court did balance the appropriate factors in deciding to impose a term of incarceration. *See, e.g., State v. Carlton*, 2d Dist. Montgomery No. 26086, 2014-Ohio-3835, ¶ 20 (affirming the revocation of community control and imposing a prison term). As the trial court noted, Davis had repeatedly violated the terms of his community control and had been given ample opportunity to correct his behavior. While the trial court noted Davis' mental illness, and its feelings on incarcerating the mentally ill, the trial court nevertheless found that the imposition of a prison term was appropriate and to continue the imposition of community control would not be "consistent with the purposes and principals of sentencing." As such, Davis' second assignment of error is without merit and accordingly overruled.

**{¶ 20}** Judgment affirmed.

M. POWELL, P.J., and HENDRICKSON, J., concur.