[Cite as *State v. Duncan*, 2016-Ohio-5559.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NOS. CA2015-05-086 |
| Plaintiff-Appellee, | : | CA2015-06-108 |
| | : | O P I N I O N |
| - vs - | | 8/29/2016 |
| | : | |
| SHANNON L. DUNCAN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case Nos. CR2012-07-1142 and CR2006-10-1877

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Street, Hamilton, Ohio 45011, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1} Defendant-appellant, Shannon Duncan, appeals a decision of the Butler County Court of Common Pleas revoking her community control and sentencing her to an aggregate 15-year prison term.

{¶ 2} The facts of this case involve two criminal cases. During a plea hearing on March 9, 2007, appellant pled guilty in Case No. CR2006-10-1877 (the "robbery case") to one count of aggravated robbery (Count 2), one count of robbery (Count 3), and one count

of complicity to aggravated robbery (Count 12). The written plea agreement provided that "Any prison term given on Count Twelve shall run concurrent to Counts Two & Three." The plea agreement further provided, "I understand that if I violate the terms or conditions of a community control sanction, the Court may extend the time for which I am subject to this sanction up to a maximum of 5 years, impose a more restrictive sanction, or imprison me for up to the maximum stated term allowed for the offense(s) of which I am found guilty."

{¶ 3} At the outset of the plea hearing, the trial court addressed the plea agreement as follows:

> I have a plea form indicating that Ms. Duncan would be entering a plea to Count II, charging aggravated robbery, a felony of the first degree; Count III, charging robbery, a felony of the third degree; and Count XII, charging complicity to aggravated robbery, a felony of the first degree. That by virtue of this plea, [Ms. Duncan] is subjecting herself to a possible maximum prison term of 15 years total, which would be the maximum term on Count II, the maximum term on Count III, with an agreement that if a prison term was imposed on Count XII, it would have to run concurrent with the time imposed on Counts II and III. Is that an accurate statement?

The prosecutor replied that it was.

{¶ 4} The trial court subsequently advised appellant that it was "not inclined to consider community control as a sanction in this case," "I know I'm going to send you to prison, but I just don't know for how long or what the appropriate period would be," "as I stated earlier, that could be a sentence of up to 15 years in prison," and "you understand that upon acceptance of your guilty plea, I could send you to prison for 15 years?" Each time, appellant replied she understood. Appellant then entered her guilty plea.

{¶ 5} In April 2007, the trial court sentenced appellant to a five-year prison term on Count 2. No prison terms were imposed on Counts 3 and 12. Rather, the trial court sentenced appellant to five years of community control on both Counts 3 and 12, to commence upon her release from prison on Count 2. During the sentencing hearing, the

trial court advised appellant that if she violated her community control, the trial court would sentence her to consecutive prison terms of 5 years on Count 3 and 10 years on Count 12, for an aggregate prison sentence of 15 years. The sentencing entry likewise provided, "Violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of five (5) years as to Count Three and a prison term of ten (10) years as to Count Twelve, to be served consecutively." Appellant did not appeal her conviction or sentence. The record shows that appellant began serving her community control on Counts 3 and 12 in the fall of 2011.

{¶ 6} In October 2012, appellant pled guilty in Case No. CR2012-07-1142 to one count of failure to comply with the order or signal of a police officer (the "failure to comply case"). As a result, appellant was charged with violating the terms of her community control on Counts 3 and 12 in the robbery case. On December 10, 2012, the trial court found that appellant had violated her community control but continued it with additional sanctions, and separately sentenced appellant to five years of community control in the failure to comply case.

{¶ 7} During the sentencing hearing, the trial court advised appellant that if she violated her community control, she would be sentenced to a 5-year prison term on Count 3, a 10-year prison term on Count 12, and a 36-month prison term on the failure to comply count, all to be served consecutively for an aggregate prison sentence of 18 years. The judgment entry in the robbery case further provided, "Violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of 5 years as to Count Three and 10 years as to Count Twelve to run consecutive to each other and consecutive to [the failure to comply case]." Appellant did not object during the sentencing hearing and did not appeal the judgment entry.

{¶ 8} In 2013, and again in 2014, appellant was charged with violating the terms of

her community control in both the robbery and failure to comply cases. Ultimately, the trial court continued community control in both cases. As before, the judgment entries in the robbery case provided that "Violation of any of this sentence shall lead to a more restrictive sanction, a longer sanction, or a prison term of 5 years as to Count Three and 10 years as to Count Twelve to run consecutive to each other and consecutive to [the failure to comply case]."[1] Appellant did not appeal the judgment entries.

{¶ 9} In 2015, following her conviction for obstructing official business and her admission she had relapsed and used cocaine and heroin, appellant was once again charged with violating the terms of her community control in both the robbery and failure to comply cases. On March 31, 2015, the trial court held a hearing on the community control violations. Following appellant's admission to violating the terms of her community control, the trial court revoked community control in both cases. The trial court then sentenced appellant to consecutive prison terms of 5 years on Count 3, 10 years on Count 12, and 36 months on the failure to comply count, for an aggregate 18-year prison sentence. The sentences were reflected in the April 2, 2015 sentencing entries: in the robbery case, appellant was sentenced to a 5-year prison term on Count 3 to "be served consecutive to Count Twelve," and to a 10-year prison term on Count 12 "to be served consecutive to [the failure to comply case];" in turn, appellant was sentenced in the failure to comply case to a 36-month prison term to run consecutive to the robbery case.

{¶ 10} On appeal, appellant raises three assignments of error. The first and third assignments of error will be addressed together.

---

1. After each of appellant's second and third violations of her community control, the trial court held a sentencing hearing. However, appellant has failed to file a transcript of those hearings. Accordingly, we will presume the regularity of the trial court's proceedings and conclude that in addition to the notice set forth in the respective judgment entries, the trial court also advised appellant during the sentencing hearings of the specific prison term she faced for any subsequent violation of her community control. *See State v. Curtis*, 12th Dist. Brown No. CA2015-02-007, 2015-Ohio-3404.

- 4 -

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT, IN VIOLATION OF THE DUE PROCESS CLAUSES OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION, WHERE THE COURT DID NOT FULFILL UNEQUIVOCAL SENTENCING PROMISES EXPRESSED AT A PLEA HEARING.

{¶ 13} Assignment of Error No. 3:

{¶ 14} THE TRIAL COURT LACKED JURISDICTION AND ERRED IN REVOKING COMMUNITY CONTROL WHERE THE ORIGINAL JUDGMENT PLACING APPELLANT UNDER COMMUNITY CONTROL SANCTIONS WAS VOID.

{¶ 15} Appellant argues that the consecutive five-year and ten-year prison terms she received in 2015 following revocation of her community control on Counts 3 and 12 in the robbery case violated the promise made at the 2007 plea hearing and in her plea agreement that "[a]ny prison term given on Count Twelve shall run concurrent to Counts Two & Three." Consequently, appellant argues her 2007 guilty plea and conviction are void and not barred by the doctrine of res judicata. Appellant further argues that because her 2007 guilty plea and conviction are void, she was not properly placed on community control in 2007 and "the trial court was without jurisdiction to revoke said community control and to impose a prison sentence upon revocation." The state argues that appellant's claim is barred by res judicata because appellant should have appealed the 2007 sentencing entry placing her on community control on Counts 3 and 12 in the robbery case. The state cites this court's decision in *State v. Painter*, 12th Dist. Clermont No. CA2012-04-031, 2013-Ohio-529, in support of its argument.

{¶ 16} R.C. 2929.19(B)(4) provides that

If the sentencing court determines at the sentencing hearing that

- 5 -

a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, * * * the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to [R.C.] 2929.14[.] [2]

{¶ 17} R.C. 2929.15(B)(1), which details procedures for a trial court to follow when a defendant has violated his or her community control, reiterates the three options available to the sentencing court mentioned in R.C. 2929.19(B)(4). In the event a defendant violates community control and the court chooses to impose a prison term, R.C. 2929.15(B)(2) further provides that the prison term must be within the range of prison terms set forth in R.C. 2929.14 for the offense for which community control was imposed, and cannot exceed the prison term specified in the notice provided to the offender at the original sentencing hearing. *State v. Davis*, 12th Dist. Warren Nos. CA2015-09-081 and CA2015-09-082, 2016-Ohio-879, ¶ 17.

{¶ 18} Pursuant to the foregoing, it is possible that the specific prison term of which notice is given pursuant to R.C. 2929.19(B)(4) may never be ordered to be served. For instance, should the defendant be found to have violated the terms of community control, the sentencing court may elect pursuant to R.C. 2929.15.(B)(1)(a) or (b) to sentence the defendant to a non-prison term sanction; or, if the sentencing court elects to sentence the defendant to a prison term, pursuant to R.C. 2929.15(B)(2), the prison term may be less than the specific prison term of which notice was given when the defendant was originally sentenced to community control. In this sense, the specific prison term of which notice is

---

2. When appellant was sentenced in the robbery case in 2007, R.C. 2929.19(B)(4) was codified as R.C. 2929.19(B)(5).

- 6 -

given pursuant to R.C. 2929.19(B)(4) when a defendant is sentenced to community control is only a potential prison term.

{¶ 19} "'[F]elony sentencing statutes, contained primarily in R.C. 2929.11 to 2929.19, require trial courts to impose either a prison term or community control sanctions on each count.'" *State v. Anderson*, 143 Ohio St.3d 173, 2015-Ohio-2089, ¶ 23, quoting *State v. Berry*, 3d Dist. Defiance No. 4-12-04, 2012-Ohio-4660, ¶ 21. Pursuant to R.C. 2929.19(B), community control sanctions and prison terms are mutually exclusive and cannot be imposed at the same time on the same count of conviction. *Anderson* at ¶ 23-31; *Berry* at ¶ 21. Thus, under current felony sentencing statutes, a sentencing court cannot suspend a prison term or make community control a condition of a suspended prison term. *See id.*

{¶ 20} The Ohio Supreme Court has held that

> pursuant to R.C. 2929.19(B)[4] and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation.

*State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 29.

{¶ 21} Hence, the purpose of the community control statute is not to sentence a defendant to a specific prison term and then suspend or reserve that prison term. *Berry*, 2012-Ohio-4660 at ¶ 25. Rather, the purpose of the statute is to *notify* the defendant of a specific prison term that *may be imposed* if the defendant violates community control. *Brooks* at ¶ 23 (R.C. 2929.19[B][4] notification puts the defendant on notice of the specific prison term he faces if he violates community control); *Berry* at ¶ 25. In other words, when a defendant is sentenced to community control on a count of conviction and notified at that time of the specific prison term he faces should he violate his community control, the defendant is only sentenced to community control sanctions and is not sentenced to that

prison term. *Id.*; *Brooks* at ¶ 21 (while R.C. 2929.19[B][4] requires the judge to state the specific prison term the offender faces in the event of a community control violation, that term is not necessarily what the offender will receive if a violation occurs).

{¶ 22} "It is well-established that any penalty imposed for violating a condition of one's community control sanctions is a punishment for that violation and not for the original underlying offense." *State v. Richter*, 12th Dist. Clermont No. CA2014-06-040, 2014-Ohio-5396, ¶ 8; *see also State v. Catron*, 12th Dist. Clermont No. CA2001-03-040, 2001 WL 1567238, *1 (Dec. 10, 2001) (sanctions for violating community control are not punishment for the original offense); *Davis*, 2016-Ohio-879 at ¶ 17 (a revocation of community control punishes the failure to comply with the terms and conditions of community control).

{¶ 23} *Painter*, which the state relies upon for its argument that appellant's claim is barred by res judicata, involved a prison sentence that was suspended upon condition of compliance with the terms of community control. That is, the trial court sentenced Painter to several years in prison but suspended execution of the sentence and placed Painter on community control. When Painter was ordered to serve the suspended sentence after he was found in violation of the terms of his community control, he appealed, attacking the original conviction and sentence. We held that "a sentence is imposed when it is pronounced." *Painter*, 2013-Ohio-529 at ¶ 18. Consequently, a prison sentence that was "pronounced" but suspended when the defendant was placed on community control, must be challenged on direct appeal of the judgment entry that initially sets forth the suspended sentence, that is, at the time the prison sentence is "pronounced," and not when community control is later revoked and the prison sentence is imposed at that time. *Id.* (While an imposed sentence may be stayed or otherwise held in abeyance, as in the case when the accused is placed on community control, it is nevertheless sufficiently established for purposes of appeal).

**{¶ 24}** We first find that the "suspended sentence" scenario in *Painter* is not applicable here. In the case at bar, unlike in *Painter*, the trial court did not impose prison sentences on Counts 3 and 12 in the robbery case, suspend the sentences, and place appellant on community control. Rather, the trial court sentenced appellant to community control on Counts 3 and 12 and notified appellant pursuant to R.C. 2929.19(B)(4) of the specific prison terms to which she was subject should she violate community control. In other words, the trial court's reference to the specific prison terms was not the imposition of a prison sentence, but rather notification of a potential prison sentence.

**{¶ 25}** In light of R.C. 2929.19(B)(4) and 2929.15(B), and the decisions in *Richter*, *Anderson*, and *Brooks*, we believe it necessary to clarify our decision in *Painter*.

**{¶ 26}** In sentencing Painter to a suspended prison sentence and placing him on community control, it appears the trial court in that case treated community control in the manner probation was formerly treated. As the Ohio Supreme Court noted in *Anderson*, prior to the 1995 Senate Bill 2 ("S.B. 2"), "it was a regular practice in felony sentencing to impose a prison sentence and then suspend the sentence and grant probation with specific terms and conditions." *Anderson*, 2015-Ohio-2089 at ¶ 21. As a result, probation was typically treated by judges as a contract for leniency: "Probation was conditioned on good behavior. Violation of that probation was a breach of contract with the sentencing judge. For the breach, the judge could properly impose the suspended prison sentence—even for the most trivial violation of probation." *Id.* However, "[w]ith the passage of [S.B. 2] in 1995, community control replaced probation as a possible sentence under Ohio's felony sentencing law." *Id.* at ¶ 22. As stated earlier, "current felony sentencing statutes * * * require trial courts to impose either a prison term or community control sanctions on each count." *Id.* at ¶ 23. Post-S.B. 2 felony-sentencing statutes "no longer discuss 'suspension' of sentence; rather, the *alternative* to a sentence of imprisonment is a sentence of

community control sanctions." (Emphasis sic.) *Id.* Thus, a sentencing court can no longer suspend a prison term or make community control a condition of a suspended prison term.

{¶ 27} Therefore, we hereby clarify that the holding in *Painter* applies in those instances where there is a "suspended" prison term, but not to the notice of a potential prison term required by R.C. 2929.19(B)(4). Specifically, the R.C. 2929.19(B)(4) notice of the potential prison term a defendant faces if he violates his community control is not "imposed" or "pronounced" at the initial sentencing hearing when a community control sanction is imposed. We find that the Ohio Supreme Court's opinion in *Anderson*, issued two years after *Painter*, and holding that the current felony sentencing statutes require trial courts to impose either a prison term or community control sanctions on each count, and that consequently a trial court cannot suspend a prison term or make community control a condition of a suspended prison term, supports our decision to clarify the reach of *Painter*. In doing so, we recognize that there should be few situations in which *Painter* will apply prospectively if trial courts follow the supreme court's opinions in *Anderson* and *Brooks* and the procedure required by R.C. 2929.19(B)(4) when imposing community control sanctions.

{¶ 28} In light of the foregoing, it follows that appellant's claim is not barred by res judicata. Because the prison sentence imposed in 2015 for appellant's violation of her community control in the robbery case was a punishment for that violation, and not a sentence for the original underlying robbery offenses, res judicata does not apply and appellant may appeal the trial court's 2015 judgment entry sentencing her to 15 years in prison for violation of the terms of her community control.

{¶ 29} The fact that appellant's claim is not barred by res judicata does not mean, however, that it is meritorious. Appellant argues that her 2007 guilty plea and conviction in the robbery case are void because the consecutive five-year and ten-year prison terms she received in 2015 following the revocation of her community control on Counts 3 and 12 in

the robbery case breached the promise made at the 2007 plea hearing and in her plea agreement that "[a]ny prison term given on Count Twelve shall run concurrent to Counts Two & Three." In essence, appellant asserts she did not receive the benefit of her plea agreement. Appellant cites this court's decision in *State v. Bonnell*, 12th Dist. Clermont No. CA2001-12-094, 2002-Ohio-5882, in support of her argument.

{¶ 30} "When a trial court promises a certain sentence, the promise becomes an inducement to enter a plea, and unless that sentence is given, the plea is not voluntary. Accordingly, a trial court commits reversible error when it participates in plea negotiations but fails to impose the promised sentence." (Citation omitted.) *Bonnell* at ¶ 18. "The analysis * * * centers on whether the defendant was put on notice that the trial court might deviate from the terms of the plea agreement and whether the defendant was given an opportunity to withdraw his plea after receiving notice." *Id.* at ¶ 21.

{¶ 31} Following plea negotiations in *Bonnell*, the state agreed to amend a charge from robbery to attempted robbery and the trial court agreed not to sentence the defendant to prison. However, at the sentencing hearing, the trial court sentenced the defendant to a maximum prison sentence. The trial court did not give the defendant any notice that it intended to deviate from the terms of the plea agreement. This court found "reversible error * * * because the trial court explicitly promised [the defendant] it would not sentence him to prison, then failed to follow through on its promise at the sentencing hearing without stating its intention and without giving [the defendant] the opportunity to withdraw his plea." *Bonnell*, 2002-Ohio-5882 at ¶ 22. We find that *Bonnell* is not applicable here.

{¶ 32} In the case at bar, appellant was clearly advised at the plea hearing and in the written plea agreement that upon the trial court's acceptance of her guilty plea, appellant could be sentenced up to 15 years in prison on all three charges in the robbery case, as follows: the maximum prison term on Count 2, the maximum prison term on Count 3, and

any prison term imposed on Count 12 to run concurrent to Counts 2 and 3. When sentenced a month later, however, appellant was sentenced to a prison term on Count 2 only and to community control on Counts 3 and 12, to commence upon her release from prison on Count 2.

{¶ 33} Because appellant was sentenced in 2007 to community control on Count 12, she cannot claim that she did not receive the benefit of her plea agreement. Consistent with the plea agreement, no prison sentence was imposed on Count 12 ("*any* prison time given on Count Twelve shall run concurrent to Counts two and Three"). There was, therefore, no prison term on Count 12 to be served concurrently with prison terms on Counts 2 and 3. It was not until appellant violated her community control for the fourth time and her community control was revoked in 2015 in the robbery case that she received consecutive five-year and ten-year prison terms for those community control violations. It is well-established that any penalty imposed for violating community control is a punishment for that violation and not for the original underlying offense. *Richter*, 2014-Ohio-5396 at ¶ 8. Hence, the consecutive prison sentences appellant received in 2015 were for violating her community control in the robbery case, and not for the original underlying robbery offenses in Counts 3 and 12.

{¶ 34} We therefore find that appellant's 2007 guilty plea and conviction are not void, that she was properly sentenced to community control in 2007, and that the trial court had jurisdiction in 2015 to revoke her community control in the robbery case and impose the aggregate 15-year prison sentence upon revocation.

{¶ 35} Appellant's first and third assignments of error are accordingly overruled.

{¶ 36} Assignment of Error No. 2:

{¶ 37} THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

{¶ 38} Appellant argues the trial court erred in imposing consecutive sentences

following the revocation of her community control because the court failed to make the required statutory findings under R.C. 2929.14(C)(4) during the March 31, 2015 sentencing hearing prior to imposing consecutive sentences. The state argues appellant's claim is barred by res judicata because appellant should have appealed the 2007 sentencing entry placing her on community control on Counts 3 and 12 in the robbery case. Alternatively, the state argues that the trial court was not required to make any statutory or judicial fact-findings at the initial sentencing hearing in 2007. In support of its argument, the state cites this court's decision in *State v. Williams*, 12th Dist. Warren No. CA2012-08-080, 2013-Ohio-3410, and the Ohio Supreme Court's decision in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177. We find appellant's argument meritorious.

{¶ 39} As stated earlier, "any penalty imposed for violating a condition of one's community control sanctions is a punishment for that violation and not for the original underlying offense." *Richter*, 2014-Ohio-5396 at ¶ 8; *Catron*, 2001 WL 1567238 at *1 (sanctions for violating community control are not punishment for the original offense); *State v. Artz*, 2d Dist. Champaign No. 2014-CA-34, 2015-Ohio-3789, ¶ 11 (a revocation of community control punishes the failure to comply with the terms and conditions of community control).

{¶ 40} In *Williams*, this court held that the time for a trial court to make the required statutory findings for imposing consecutive sentences pursuant to R.C. 2929.14(C)(4) is at the initial sentencing hearing when the court places a defendant on community control and notifies the defendant of the potential prison term he faces if he violates community control, and not at the community control violation sentencing hearing when the trial court revokes community control and imposes consecutive sentences. *See Williams*, 2013-Ohio-3410 at ¶ 42.

{¶ 41} However, the Ohio Supreme Court has held that "[f]ollowing a community

- 13 -

control violation, the trial court conducts a second sentencing hearing. At this second hearing, *the court sentences the offender anew and must comply with the relevant sentencing statutes.*" (Emphasis added.) *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, ¶ 17. *See also State v. Heinz*, Slip Opinion No. 2016-Ohio-2814, ¶ 15 (quoting *Fraley* at ¶ 17); *State v. Osborne*, 11th Dist. Lake No. 2004-L-068, 2005-Ohio-4895. R.C. 2929.15(B), which details procedures for a trial court to follow when a defendant has violated community control, plainly provides that if a prison term is imposed upon the defendant for violating community control, the prison term must comply with R.C. 2929.14. R.C. 2929.15(B)(1)(c); *Catron*, 2001 WL 1567238 at *2. This statutory mandate necessarily includes the requirement that a trial court make the R.C. 2929.14(C)(4) consecutive sentence findings when sentencing a defendant to consecutive prison terms for community control violations.

{¶ **42**} Accordingly, in light of *Fraley*, *Heinz*, and R.C. 2929.15(B), we find that the trial court was required to make the requisite statutory findings under R.C. 2929.14(C)(4) at the March 31, 2015 hearing when it revoked appellant's community control and sentenced appellant anew by imposing consecutive prison terms as a penalty for the felony community control violations in the robbery case. *See Artz*, 2015-Ohio-3789; *State v. Lee*, 12th Dist. Butler No. CA2014-03-076, 2015-Ohio-1760, ¶ 10. It follows then that contrary to the state's argument, appellant's claim is not barred by res judicata. We further find we need not address whether the trial court made or was required to make these findings at the initial sentencing hearing in 2007.

{¶ **43**} In light of the foregoing, our clarification of *Painter* under the previous assignments of error, and the fact *Williams* relied upon *Painter*, we believe it necessary to revisit our holding in *Williams.*

{¶ **44**} *Williams* involved the appeal of a trial court's decision sentencing the

- 14 -

defendant to community control with "potential 36-month prison terms on counts two and three to be served * * * consecutively to a 36-month prison term on count four," should the defendant violate his community control. The defendant appealed his sentence, arguing the trial court was required to comply with R.C. 2929.14(C)(4) when it imposed community control and provided notice of the potential prison term he was facing should he violate community control. The state argued that since the defendant had received a community control sentence, and not a consecutive sentence, the trial court was not required to comply with R.C. 2929.14(C)(4) at that time. Rather, the trial court was merely required to comply with R.C. 2929.19(B)(4) by informing the defendant of the specific prison term he faced if he violated his community control, which the trial court had done.

{¶ 45} Relying on our holding in *Painter* that a sentence is imposed when it is pronounced, this court held that "the time for a defendant to challenge the imposition of reserved consecutive sentences is on direct appeal of the judgment that initially sets forth the reserved sentence." *Williams*, 2013-Ohio-3410 at ¶ 40. In so ruling, this court noted how our decision in *Painter* was inapposite of this court's previous decisions in *State v. Sneed*, 12th Dist. Butler No. CA2004-06-153, 2005-Ohio-1078, and *State v. Madaffari*, 12th Dist. Butler No. CA2004-08-193, 2005-Ohio-3625, and ultimately overruled *Sneed* and *Madaffari* as follows:

> In *Sneed and Madaffari,* the defendants were sentenced to community control, with consecutive prison terms reserved. After the defendants violated the terms of their community control and were ordered to serve their reserved consecutive sentences, the defendants appealed, arguing that the trial court was required to make the requisite statutory findings to impose consecutive sentences at the initial sentencing hearing. We rejected the defendants' arguments, stating that "[t]he sentencing statutes under R.C. Chapter 2929 indicate that findings and reasons, if applicable, must be given when a prison sentence is *imposed.*" "Thus, it follows that a trial court is required to make the statutory findings and supporting reasons under R.C. 2929.14[C](4), not when it sentences a defendant to

community control, but when it actually imposes a consecutive prison term."

Given our holding in *Painter* * * * that a sentence is imposed when it is first pronounced, we hereby overrule *Sneed* and *Madaffari* to the extent that those cases indicate that a reserved sentence is not imposed until after revocation of community control. The time for a defendant to challenge the imposition of reserved consecutive sentences is on direct appeal of the judgment entry which initially sets forth the sentence.

(Citations omitted.) *Williams* at ¶ 41-42.

**{¶ 46}** In relying upon *Painter* and overruling *Sneed* and *Madaffari*, we failed to distinguish between the suspended sentence scenario *Painter* presented and the R.C. 2929.19(B)(4) potential prison term notice presented by *Williams*, *Sneed*, and *Madaffari.*

**{¶ 47}** In holding that a trial court is required to make the requisite statutory findings under R.C. 2929.14(C)(4), not when it sentences a defendant to community control, but when it actually imposes a consecutive prison term, the *Sneed* opinion relied on the Ohio Supreme Court's decisions in *Brooks* and *Farley*. In turn, in reaching the same holding, the *Madaffari* opinion mainly relied on *Sneed*. By contrast, *Williams* does not address either of the supreme court's decisions, and instead mistakenly relied on a suspended sentence scenario and *Painter*. Given R.C. 2929.19(B)(4) and 2929.15(B), and the decisions in *Anderson*, *Brooks*, and *Fraley*, we hereby overrule *Williams*. We also find that *Sneed* and *Madaffari* were improperly overruled in *Williams*.

**{¶ 48}** We now address whether the trial court complied with R.C. 2929.14(C)(4) when it imposed consecutive sentences following the revocation of appellant's community control in the robbery case.

**{¶ 49}** Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith*, 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court

must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Smith* at ¶ 7.

{¶ 50} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry [.]" *Bonnell*, 2014-Ohio-3177 at ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the trial court actually made the required statutory findings. *Smith* at ¶ 8. "A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4)." *State v. Todd*, 12th Dist. Clermont No. CA2014-05-035, 2015-Ohio-649, ¶ 21.

{¶ 51} The record shows that while the trial court's April 2, 2015 sentencing entry imposing consecutive prison terms on Counts 3 and 12 in the robbery case includes the required statutory findings under R.C. 292.14(C)(4), the trial court failed to make the

required statutory findings during the March 31, 2015 sentencing hearing prior to imposing consecutive sentences. Accordingly, appellant's consecutive sentences in the robbery case are contrary to law and must be reversed. *Id.* at ¶ 21.

{¶ 52} We therefore vacate appellant's consecutive sentences in the robbery case and remand this matter to the trial court for resentencing. On remand, the trial court shall consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, shall make the required statutory findings on the record at resentencing and incorporate its findings into a sentencing entry. *Bonnell*, 2014-Ohio-3177 at ¶ 29, 37; *Lee*, 2015-Ohio-1760 at ¶ 15.

{¶ 53} Appellant's second assignment is sustained.

{¶ 54} Judgment affirmed in part and reversed in part and cause remanded to the trial court for the sole purpose of resentencing consistent with this opinion.

S. POWELL and RINGLAND, JJ., concur.