[Cite as *State v. Solomon*, 2019-Ohio-1841.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-P-0078** |
| IZAIAH J. SOLOMON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2014 CR 00650.

JUDGMENT:  Affirmed in part, reversed in part and remanded.


*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH  44266 (For Plaintiff-Appellee).

*Richard E. Hackerd*, 231 South Chestnut Street, Ravenna, OH  44266 (For Defendant-Appellant).


THOMAS R. WRIGHT, P.J.

{¶1}    Appellant, Izaiah Solomon, appeals the revocation of his community control supervision and imposition of an eight-year prison sentence.  We affirm in part, reverse in part, and remand.

{¶2}    In December 2014, Solomon pleaded guilty to aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony.  He was sentenced to four years of community control consisting of two years intensive supervision and two years general

supervision. Solomon was notified that if he violates the terms of his supervision, he will receive more restrictive community control sanctions or will serve a specific prison term of eight years.

{¶3} His community control supervision was eventually revoked in August of 2017.

{¶4} Solomon appeals and raises two assignments of error, which we address collectively:

{¶5} "[1.] Appellant was denied due process when his probation was revoked for minor violations which do not rise to a level which rationally justifies incarceration.

{¶6} "[2.] Appellant was denied due process when he was held liable for violations for which he was never given a charging instrument claiming the alleged violations."

{¶7} Both of his assignments claim alleged due process violations.

{¶8} Solomon's first assignment argues a denial of due process because he claims his probation violations are minor and do not rise to a level justifying incarceration. His second assignment claims a violation of due process because the trial court allegedly held him responsible for probation violations for which he was not charged. In response, the state acknowledges that the trial court misstated the number of revocation motions filed against Solomon but asserts that was not the basis for the court's decision to revoke community control.

{¶9} "Community-control-revocation proceedings require a minimal threshold of due process. A community-control-revocation hearing, like a parole-revocation hearing, is not a stage of the criminal prosecution but is 'an informal hearing structured to assure

2

that the findings of a [community-control] violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [probationer's] behavior.'  A trial court cannot revoke community control without first making a finding supported by substantial evidence that the defendant has not complied with his community-control conditions."  (Citations omitted.)  *State v. Dockery,* 1st Dist. Hamilton No. C-090345, 187 Ohio App.3d 798, 2010-Ohio-2365, 933 N.E.2d 1155, ¶10.

{¶10}  However, because Solomon did not raise these alleged violations to the trial court, he waives all but plain error.  *State v. Sallaz,* 11th Dist. Trumbull No. 2003-T-0009, 2004-Ohio-3508,  ¶40-41,  citing  *State v. Gilreath* (July 7, 2000), 2d Dist. Greene No. 2000-CA-1, 2000 Ohio App. LEXIS 3030, at 7; *State v. Roberts,* 2d Dist. Champaign No. 2016-CA-8, 2017-Ohio-481, 84 N.E.3d 339, ¶19.

{¶11}  Crim.R. 52(B) states:  "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  To find plain error, we must conclude that there was an obvious legal error or defect in the proceedings that affected the outcome of the trial.  *State v. Barnes,* 94 Ohio St.3d 21, 27, 2002-Ohio-68, 759 N.E.2d 1240.  And upon finding plain error, an appellate court must exercise discretion and act "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' *State v. Long,* 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus * * *."  *Id.*

{¶12}  The state first moved to modify or revoke Solomon's supervision in March of 2016, alleging that he had used marijuana, failed to complete his drug and alcohol evaluation, and incurred additional charges, including obstructing official business, disobeying a police officer, reckless operation of a vehicle, driving without a license,

3

speeding, and a stop sign violation. The motion to revoke was heard at a hearing on June 13, 2016, and the parties agreed that Solomon had incurred traffic charges in another county that were unresolved. Solomon's attorney advised the court that he was admitting to receiving new charges while on supervision, and Solomon generally acknowledges violating his community control supervision. The trial court subsequently held that while Solomon had violated, it would continue his supervision as ordered.

{¶13} Thereafter, at a December 5, 2016 hearing, the state asks the court to impose the eight-year sentence without filing a motion to revoke. It explains that the probation department can no longer work with Solomon because of his violations. The court informed the parties that there were no pending motions to revoke but instead that Solomon had been in jail for 26 days following his failure to appear at another hearing. The court then advises Solomon will remain on community control supervision but warns that the next time he violates, it will impose the prison term. Solomon was present with counsel.

{¶14} On June 13, 2017, Solomon was before the court, and although the state had not filed a motion to revoke his probation, it nevertheless advised the court about several violations since the December 2017 hearing, including Solomon's failure to attend substance abuse treatment and being late to a probation appointment. Solomon blamed a lack of transportation for his failures. The court concluded by admonishing Solomon that it did not want to send him to prison, but that he "had a big prison sentence hanging over his head."

{¶15} The state filed its second motion to revoke or modify Solomon's supervision the next day alleging that he failed to report to his probation officer on one occasion, and

4

on another date, he was 90 minutes late. Solomon then failed to appear at the July 24, 2017 hearing, and on the state's motion, the court issued a warrant for his arrest for failure to appear.

{¶16} The court held a status conference on August 9, 2017 at which Solomon was present with counsel. The court's decision thereafter finds that "he has violated the terms of his community control," and that he will remain in jail pending the next hearing on August 21, 2017. There is no transcript of this hearing nor is it clear whether the matter was recorded. Notwithstanding, Solomon is not challenging the finding that he violated.

{¶17} At the August 21, 2017 hearing, the court advises that "he admitted back on August 9th," and that they were there for disposition. As stated, the court then incorrectly finds that the state filed five motions to revoke, when in actuality it only filed two. The confusion arose because the first motion hearing was reset several times. The court also finds that community control is no longer sufficient because Solomon has continued to fail to abide by the rules governing his supervision despite being given ample opportunity to comply. Thus, it imposes the underlying eight-year sentence.

{¶18} Although Solomon concedes that he violated the conditions of his community control in July of 2017 by arriving 90 minutes late to probation and failing to appear for another required appointment, he nevertheless argues that the minor nature of his violations coupled with the court's misstatement regarding the number of motions to revoke filed, individually or collectively, do not warrant the revocation of his community control and imposition of the eight-year prison sentence, and thus constitute a denial of due process. We disagree.

{¶19} As outlined, Solomon had several opportunities to comply with the terms of his supervision. The court did not impose the prison sentence after the state's first motion to revoke and his admitted violations. But in December of 2016, approximately eight months after the hearing on the state's first motion to revoke, the court warned Solomon that the next time he violates, it will impose the prison term.

{¶20} Thereafter, in July of 2017, the state filed its second motion to revoke and Solomon again admitted to the violations. Consequently, the court revoked his supervision and imposed the eight-year prison sentence. Thus, regardless of the court's misstatement at the August hearing about the *number* of motions to revoke that were filed, it is evident that its decision to revoke was based on Solomon's repeated violations of the terms of his supervision.

{¶21} Moreover, while Solomon argues that his violations were not "major" violations of the terms of his supervision, "[a] trial court's decision to revoke community control, even for a 'minor' violation, is not an abuse of discretion." *State v. Herald,* 3rd Dist. Defiance No. 4-16-09, 2016-Ohio-7733, ¶28, *appeal not allowed,* 149 Ohio St.3d 1408, 2017-Ohio-2822, 74 N.E.3d 465; *State v. South,* 3rd Dist. Union No. 14-07-40, 2010-Ohio-983, ¶9.

{¶22} Accordingly, Solomon fails to establish plain error, and both of his assignments of error lack merit. The trial court's decision revoking Solomon's community control supervision is affirmed.

{¶23} Notwithstanding, we sua sponte find plain error in its decision to sentence him to eight years in prison for his violation based on the trial court's repeated statements

that it was required to impose the sentence ordered by the prior judge when sentencing Solomon to community control supervision.

{¶24} As stated, in December of 2014, the trial court sentenced Solomon to four years community control supervision and advised him that he would serve an eight-year prison term for a violation.

{¶25} At a status conference on December 5, 2016, the trial court states in part, "I don't have any choice in the years that you are sent to prison, its eight years. That's what [the prior judge] gave you."

{¶26} Thereafter, at the August 21, 2017 revocation hearing, which also serves as a second sentencing hearing, the trial court states in part:

{¶27} "This was a serious, serious offense that you got eight years for. * * *

{¶28} "* * *

{¶29} "And I can't go back and change the sentence that [the prior judge] gave you, but I know that probation is done, and I am done.

{¶30} "I am terminating your supervision. I am going to impose the originally suspended sentence that [the prior judge] gave you. * * *

{¶31} "* * *

{¶32} "I am sentencing you to the sentence that [the prior judge] suspended.

{¶33} "* * *

{¶34} "[Defense counsel:] Would the Court consider county jail time at all, then you have a lot more flexibility.

{¶35} "THE COURT: Eight years?"

7

{¶36} Contrary to the trial court's statements that it *had* to impose the eight-year prison term, it did not. The eight-year sentence ordered at Solomon's initial sentencing was not mandatory upon revocation of community control. Instead, the stated prison term at the initial sentencing serves as a ceiling on the prison term the court may impose upon finding a community control violation. *State v. Brooks,* 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶23.

{¶37} Although "a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction," upon finding a violation, the court sentences the defendant anew with discretion to impose a lesser term than that notified of at the initial sentencing. *Id.* at ¶29.

{¶38} "R.C. 2929.15(B)(1) * * * reiterates the three options available to the sentencing court mentioned in R.C. 2929.19(B)(4)[, i.e., 1.) a longer time under the same sanction, 2.) a more restrictive community control sanction, or 3.) a prison term]. In the event a defendant violates community control and the court chooses to impose a prison term, R.C. 2929.15(B)(2) further provides that the prison term must be within the range of prison terms set forth in R.C. 2929.14 for the offense for which community control was imposed, and cannot exceed the prison term specified in the notice provided to the offender at the original sentencing hearing." *State v. Duncan,* 12th Dist. Butler No. CA2015-05-086, 2016-Ohio-5559, 61 N.E.3d 61, ¶17, citing *State v. Davis,* 12th Dist. Warren Nos. CA2015-09-081 & CA2015-09-082, 2016-Ohio-879, 2016 WL 868938, ¶17.

{¶39} Unlike a probation revocation, which merely suspended the original term imposed, when one is sentenced to community control supervision, the defendant is

sentenced to community control and not sentenced to the stated prison term. *Duncan* at ¶19-26. Community control is an alternative to the imposition of a prison term, not a suspended term as is the case with probation. *Id.* And the stated prison term at the initial sentencing hearing only serves as notice of the maximum term one faces if he violates community control. *Id.* at ¶21.

**{¶40}** Because it is evident that the trial court misstated its sentencing options, we find plain error and reverse and remand for resentencing. On remand, the court must conduct a sentencing hearing compliant with the relevant sentencing statutes and impose a term not to exceed eight years. *State v. Heinz,* 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965, ¶15.

**{¶41}** Based on the foregoing, the trial court's decision is affirmed in part, reversed in part, and remanded.

CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.

9